### Mary F. Risser, Plaintiff in Error, v. Richard O'Connell, Defendant in Error.

### Gen. No. 16,590.

1. Landlord and tenant—*constructive evicton.* It would seem that to constitute a constructive eviction the acts of a landlord must clearly indicate an intention that the tenant shall not have the beneficial enjoyment of the premises and must be of a grave and permanent character which deprive the tenant of the beneficial enjoyment.

2. Landlord and tenant—*constructive eviction.* Constructive eviction because of inadequacy of water supply in a flat is not shown where the evidence does not disclose the reason therefor or show that the lessor was responsible for the condition but shows that the inadequacy was not permanent and that the lessee abandoned the premises without allowing the lessor a reasonable time to remedy the condition.

Error to the Municipal Court of Chicago; the Hon. Frederick L. Fake, Jr., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed with finding of facts. Opinion filed August 12, 1912.

Abram L. Myers, for plaintiff in error.

David Sullivan, for defendant in error.

Mr. Justice Baume delivered the opinion of the court.

Under the power contained in a lease, wherein plaint-

iff in error was the lessor and the defendant in error was the lessee, a judgment by confession was entered in the Municipal Court in favor of plaintiff in error and against defendant in error for $120 and costs. Thereafter, upon motion of defendant in error, said judgment was opened up and defendant in error was given leave to defend. A trial upon the merits resulted in a verdict in favor of defendant in error and judgment thereon against plaintiff in error for costs, to reverse which judgment this writ of error is prosecuted.

The lease is for the term of one year from May 1, 1909, for premises described as "Flat number 3d on 3d floor of building known as 3815 Vernon avenue," to be occupied as a private residence. The lease contains a provision to the effect that the lessee has examined and knows the condition of the premises and has received them in good order and repair, and, further, contains a covenant as follows:

"Said party of the first part (plaintiff in error) agrees to pay water rates assessed against said property and supply at her own expense, hot water for the use of tenant at all hot water faucets in said apartment, and steam for the steam-heating apparatus in said building. The steam to be furnished when necessary, from the first day of October until the first day of May of the succeeding year, but it is expressly agreed and understood that said lessor is not to be held liable for any damages if he fails to furnish hot or cold water or steam for steam heating."

Defendant in error occupied the premises under the lease and paid rent therefor during the months of May and June, 1909, when he abandoned the same. The premises remained vacant during July, August and September, 1909, and were relet by plaintiff in error for a term beginning October 1, 1909. Plaintiff in error sought to recover rent for the three months during which the premises were vacant, and the defense interposed by defendant in error was that his inability to

obtain an adequate supply of water during the month of May and up to the middle of June, 1909, and his inability to obtain any water during the remainder of the month of June, constituted a constructive eviction by plaintiff in error and absolved defendant in error from any further liability for rent of the premises.

While the evidence tends to show that the supply of water for domestic purposes in the flat was insufficient, as claimed by defendant in error, and that during a portion of the time in question he obtained such water from the second flat through the courtesy of the tenant who occupied said flat, the evidence does not disclose the reason for the insufficient water supply—whether it was due to the inadequate size of the service pipes or to a stoppage in said pipes or to insufficient pressure. And while there is evidence tending to show that plaintiff in error was notified that the water supply in the flat was inadequate and had practically ceased during the latter part of June, it does not appear that plaintiff in error was in any manner responsible for the existing condition in that respect.

It has repeatedly been held that in order to constitute a constructive eviction, the acts of the landlord must clearly indicate an intention on his part that the tenant shall no longer have the beneficial enjoyment of the premises, and such acts must be of a grave and permanent character, which, in their nature, deprive the tenant of the beneficial enjoyment of the premises. Keating v. Springer, 146 Ill. 481; Barrett v. Boddie, 158 Ill. 479; Rubens v. Hill, 213 Ill. 523.

The evidence relating to the inadequacy of the supply of water in the flat shows that the condition in that respect was not permanent, but intermittent merely, and that defendant in error abandoned the premises before allowing plaintiff in error a reasonable time within which to ascertain the cause of the inadequate supply of water and to remedy the same, conceding she was under an obligation so to do.

The judgment of the Municipal Court is reversed with a finding of facts to be incorporated in the judgment of this court, and final judgment will be here entered in favor of plaintiff in error against defendant in error for $120 and costs of suit.

*Judgment reversed with finding of facts.*

FINDING OF FACTS: We find as ultimate facts that plaintiff in error committed no acts which amounted to a constructive eviction of defendant in error from the demised premises, and that defendant in error is indebted to plaintiff in error in the sum of $120.