William C. Bohne and Margaret Bohne, Plaintiffs-Appellees, v. Leland R. Bauer et al., Partners, Doing Business As, Bauer Trailer Park, Defendants-Appellants.

Gen. No. 11,246.

Second District, First Division.

April 13, 1959.

Released for publication April 30, 1959.

Eva L. Minor, of Kankakee, for appellants.

Gray, McIntire, Petersen & Ackman, of Kankakee, for plaintiffs-appellees.

PRESIDING JUSTICE SPIVEY delivered the opinion of the court.

Plaintiffs were the owners of property which they leased to the defendants on March 1, 1951. The lease was for a term of ten years and provided for a monthly rental of $100 per month. Possession of the property was had by the defendants from March 1, 1951 to June 1, 1954. Rent was paid by the defendants until July 1, 1952. On November 27, 1951, the Department of Public Works and Buildings of the State of Illinois filed its petition to condemn the property. A condemnation judgment was paid to the plaintiffs and defendants on June 1, 1954, and the Department of Public Works and Buildings of the State of Illinois took possession at that time.

Plaintiff brought suit in the Circuit Court of Kankakee County to collect the unpaid rent accruing under the lease from July 1, 1952 to June 1, 1954, and judgment was awarded plaintiff for the sum of $2,300 and costs of suit.

The cause was heard by the court without a jury on a stipulation of facts. In addition to the foregoing, the parties stipulated that during all of the time, from the date of said lease, on March 1, 1951, until possession was taken as aforesaid on June 1, 1954, plaintiffs were the owners of said premises and defendants were in possession of the portion rented by them under said lease from the plaintiffs and occupied and used the same for their business without interference from plaintiffs, the Department of Public Works and Buildings of the State of Illinois, or any other person or persons having or claiming any interest therein, and that defendants had complete possession and quiet enjoyment thereof for the purposes permitted by said lease during all said period.

In denying any liability for any rent, the defendants alleged that their lease with the plaintiffs was terminated when the State of Illinois filed its petition to condemn all of the property and alleged that its obliga-

tion to pay rent ceased on the day the petition to condemn was filed. Defendants argue that when the whole of the landlord's estate is extinguished by condemnation a tenant's liability to pay rent ceases. They say that upon payment of the condemnation award, the condemnor's title relates back to the date of the filing of the petition and contend that the award for the property includes all rent after the date the petition to condemn was filed.

■ There can be no question but that the title to property condemned relates back to the date of the filing of the petition to condemn, upon the payment of the compensation. Chicago v. McCausland, 379 Ill. 602, 604, 41 N.E.2d 745; Chicago, E. and L. S. R. Co. v. Catholic Bishop of Chicago, 119 Ill. 525, 10 N. E. 372; Hutchins v. Vandalia Levee and Drainage Dist., 217 Ill. 561, 75 N. E. 354.

■ Neither can it be questioned that when a landlord's title is extinguished in the whole estate during the term, the liability of the tenant to pay rent ceases. Leonard v. Autocar Sales and Service Co., 392 Ill. 182, 194, 64 N.E.2d 477; Corrigan v. Chicago, 144 Ill. 537, 548, 33 N. E. 746.

■ The question remaining to resolve then is, when is the landlord's title extinguished? Is it at the time of the filing of the petition or when the judgment in condemnation is paid?

We believe that the landlord's title is extinguished when the judgment is paid.

Counsel have cited cases where a portion of a lease has been taken and the courts have uniformly held that the duty to pay rent was not discharged. Stubbings v. Village of Evanston, 136 Ill. 37, 26 N. E. 577; Corrigan v. Chicago, 144 Ill. 537, 544, 33 N. E. 746; Chicago v. Garrity, 7 Ill. App. 474, 477.

No case has been cited by either counsel where the whole of the leasehold has been taken.

135

Appellants contend that since the landlord is excused from the payment of taxes after the date of the filing of the petition (Chicago Park District v. Downey Coal Co., 1 Ill.2d 54, 115 N.E.2d 223; Chicago v. McCausland, 379 Ill. 602, 41 N.E.2d 745), logic compels the conclusion that he should not collect rent for the premises. We are not persuaded by this argument.

Language can be found to support the contention that the land is regarded as taken the day the petition to condemn is filed. Chicago v. Collin, 302 Ill. 270, 134 N. E. 751; Public Service Co. of Northern Illinois v. Leatherbee, 311 Ill. 505, 143 N. E. 97. This is true in one sense but whether it be considered as a taking or not, it is not a true taking nor is it an extinguishment of the lessor's title. In Chicago v. McDonough, 273 Ill. App. 392, 184 N. E. 322, the court said, "It is also the law that the filing of a petition to condemn property for public use is in one sense the taking of the property at the time of the filing of the petition, but possession of the property cannot be taken until the compensation is ascertained and paid. South Park Com'rs v. Dunlevy, 91 Ill. 49; Sanitary Dist. of Chicago v. Chapin, 226 Ill. 499; Winchester v. Ring, 315 Ill. 358."

In South Park Com'rs v. Dunlevy, 91 Ill. 49, 54, the court said, "The filing of a petition to condemn property is not a taking of the same. If the commissioners took possession of defendant's property before the damages were assessed and paid they were trespassers, for which the law gives an ample remedy."

In Leonard v. Autocar Sales and Service Co., 392 Ill. 182, 194, 64 N.E.2d 477, it was said, "From what was said in the Corrigan case, the rule seems to be well settled that in order for a tenant to be excused from the payment of rent because of the condemnation of the demised premises, it is essential that the estate of the landlord be extinguished by the condemnation proceedings."

Our Supreme Court, in Horn v. Chicago, 403 Ill. 549, 87 N.E.2d 542, said, "The test applied by this court and also by the Federal Court in determining whether real estate has been taken for public use within the meaning of our Constitution, is whether there has been an actual physical invasion of the tangible property."

■ The event which completes the taking of the title to land in condemnation is the payment of the judgment. Chicago v. McCausland, 379 Ill. 602, 606, 41 N.E.2d 745. From the foregoing it is apparent to us that the landlord's title was not extinguished nor was the landlord's property taken in a sense so as to excuse the tenant from payment of rent, until the judgment was actually paid.

This conclusion is supported by Chicago v. McDonough, 273 Ill. App. 392, 184 N. E. 322. In that case the city filed its petition to condemn 48 lots for a school site. Three of the lots were rented at a rental of $30 per month, and this rent was paid to the landlord until the city deposited the money with the County Treasurer. The County Treasurer contended that he should withhold from the money deposited with him, the sums collected by the landlord for rent after the filing of the petition to condemn, since the title of the city related back to the date of the filing of the petition. The court said, "No interest was allowable on the amount of the award, but the owner of the land was entitled to the use of it until the judgment was paid. In these circumstances he has a right to the rents collected for the three lots above mentioned.

"There can be no just ground, then, for holding that the condemnation of all or part of the demised premises can, as between landlord and tenant, operate as an extinguishment of the lease, either in whole or in part; no such rule is attempted to be applied to any other estate in lands. As between grantor and grantee, the grant is not extinguished though a part or all of the

137

purchase money may be in arrears. A mortgage, as between the parties thereto, is not invalidated. Although the money for which it was given is unpaid, or has not even matured.

"A tenant is entitled to receive from the public full compensation for so much of his leasehold estate as is appropriated to public use. He thereby obtains complete indemnity for his loss, and there is no reason why he should be excused from performing the covenants of the lease. He is deprived, it is true, of the possession of the premises, but receives its equivalent in money, and accordingly, it is but just that he should be held to the payment of the rent, which is the consideration for which the term was granted him." Chicago v. Garrity, 7 Ill. App. 474.

The instant cause is no stranger to the courts. The first judgment herein was appealed to the Supreme Court of Illinois. Department of Public Works v. Bohne, 415 Ill. 253, 113 N.E.2d 319. At page 262, the court states, "The measure of their (appellant's) damage was the fair cash market value of the leasehold subject to the rental." We believe this statement is persuasive also.

To hold otherwise would be to create an anomalous situation. The appellant's possession of the premises can only be justified by their recognition of the lease. If the lease was extinguished as of the date of the filing of the petition to condemn, then they were trespassers. In the stipulation of facts they admit that they were in possession of the premises under the lease. They cannot claim the rights of a portion of the lease and deny the duties of another portion of the lease. The judgment of the Circuit Court of Kankakee County is affirmed.

Judgment Affirmed.

DOVE and McNEAL, JJ., concur.