AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, Plaintiff-Appellant, *v.* SOUND CITY, U. S. A., INC., Defendant-Appellee.

Second District   No. 78-117

Opinion filed January 8, 1979.

Joseph L. Long, of Barrick, Jackson, Switzer, Long & Balsley, of Rockford, for appellant.

Jerrold R. Beger, of Schirmer, Schirger, Graff & Beger, Ltd., of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, American National Bank & Trust Company of Chicago, as trustee, sued defendant, Sound City U.S.A., Inc., for recovery of nine months rent remaining on a one-year lease. The trial court found for the defendant on the basis of constructive eviction and plaintiff appeals. We affirm.

In July 1975, defendant began negotiations with USIF Wynnewood Corporation for rental of shopping center space. An inspection of the premises disclosed portions of the ceiling tile missing or hanging loose, water marks on the ceiling and bare fluorescent light fixtures. As a result, defendant included in the lease agreement an addendum whereby the landlord agreed to (1) repair and paint the ceiling tile, (2) cover the light bulb fixtures, (3) panel the south wall, and (4) erect a partition. On July 18, 1975, a one-year lease was signed to begin on October 1, 1975. Defendant took possession on September 15, 1975, although the agreed corrections had not been completed. During October and November, defendant made numerous complaints in regard to the unfinished items, especially the appearance and condition of the ceiling tile and the bare light fixtures. The ceiling was painted seven or eight times during defendant's three-month occupancy but there was testimony that the water stains continued to reappear. Some of the ceiling tile was never replaced or repaired. Both parties agreed that the south wall was paneled, but the partition was never constructed nor were the light covers installed. On December 22, 1975, the shopping center was transferred to plaintiff. Notice of the transfer was sent to defendant on December 31,

1975. On January 9, 1976, defendant notified plaintiff that they were vacating the premises. Defendant moved out on the same day. Defendant had paid rent for October, November and December. Plaintiff brought suit for the remaining nine months rent.

Plaintiff raises four issues for consideration on appeal: (1) whether the defects were sufficiently substantial to amount to constructive eviction, (2) whether taking possession of the premises with knowledge of the defects waives the right to vacate where the landlord has agreed to make repairs prior to occupancy, (3) whether defendant was required to notify the new landlord of the defects providing him an opportunity to correct, and (4) whether defendant waived the defense of constructive eviction by remaining on the premises for three months.

■■■ Constructive eviction has been defined as something of a serious and substantial character done by the landlord with the intention of depriving the tenant of the enjoyment of the premises. (*Zion Industries, Inc. v. Loy* (1977), 46 Ill. App. 3d 902.) The tenant is justified in abandoning the premises, if, as a result of the landlord's breach of his covenant to repair, the leased premises become unfit for the purpose for which they were leased. (Annot., 28 A.L.R. 2d 470 (1953).) The question of constructive eviction is one of fact and a reviewing court will not disturb the finding unless it is against the manifest weight of the evidence. (*John Munic Meat Co. v. H. Gartenberg & Co.* (1977), 51 Ill. App. 3d 413.) The trial court found that the physical appearance of the store was an important factor in the successful operation of plaintiff's business. The failure to properly repair the premises in accordance with the lease therefore rendered the premises unsuitable for the purpose for which they were rented. The record discloses sufficient evidence to support the trial court's finding of constructive eviction.

■■ Plaintiff next contends that where the landlord has agreed to make repairs prior to occupancy, the tenant's taking of possession waives the right to vacate, citing *Wright v. Lattin* (1865), 38 Ill. 293, and *Rubens v. Hill* (1904), 213 Ill. 523. However, *Rubens* held that where the landlord covenanted to make repairs before the commencement of the lease, the tenant could refuse to take possession, but if he took possession and remained in possession he could not refuse to pay rent. Since defendant has paid the rent for the months during which they occupied the premises, *Rubens* does not apply. *Wright* did not involve breach of a covenant to repair prior to the term and is therefore not applicable. In the instant case, the evidence indicates that $35,000 worth of inventory and equipment was to be delivered to the premises. Since defendant had no other place to store this equipment, the acceptance of the premises did not amount to a waiver of the right to abandon.

■■ ■ Plaintiff then argues that defendant failed to notify the new landlord (plaintiff) of the defects and failed to provide them an opportunity to repair. Plaintiff cites *Risser v. O'Connell* (1912), 172 Ill. App. 64, for the proposition that the tenant must notify the landlord of the defects and allow him an opportunity to repair. However, *Risser* did not involve a change in ownership of the property and the degree of notice given the landlord was not specified in that case. In the instant case, defendant had notified the old landlord numerous times of the defects and had provided him ample opportunity to repair. Since an assignee stands in the shoes of the assignor (*Stavros v. Karkomi* (1976), 39 Ill. App. 3d 113), we cannot say there was inadequate notice under these facts.

■■ ■ Plaintiff's final contention is that defendant failed to abandon the premises within a reasonable time thus waiving the right to abandon. Where the landlord is guilty of a breach of his duty which would justify the tenant's abandoning the premises, the tenant is not required to vacate immediately, but is entitled to a reasonable time to do so. (*Automobile Supply Co. v. Scene-in-Action Corp.* (1930), 340 Ill. 196.) The reasonableness of the delay is usually a question of fact. (*Automobile Supply Co. v. Scene-in-Action Corp.*) A delay in abandoning the premises might be excused by showing a reliance upon promises of the landlord to correct the defects. Another relevant factor is the time required to find a new location. (49 Am. Jur. 2d *Landlord & Tenant* §304 (1970).) The evidence indicates that the old landlord made numerous promises to repair and in fact made numerous attempts to repair over the three months occupancy. Under these circumstances, defendant's continued occupancy did not amount to a waiver of their right to abandon.

The judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

GUILD, P. J., and LINDBERG, J., concur.