THE CITY OF CHICAGO, Plaintiff, *v.* AMERICAN NATIONAL BANK *et al.*, Defendants.—(ROCHELLE GREENBERG, d/b/a Greene's Luggage, Petitioners-Appellants, *v.* GEORGE GEINAKAKIS *et al.*, Respondents-Appellees.)

First District (2nd Division)    No. 79-2331

Opinion filed July 22, 1980.

Sandman, Levy & Moltz, of Chicago (Bernard W. Moltz and Robert Kominsky, of counsel), for appellants.

Burke, Egan and Ryan, of Chicago (Thomas T. Burke, William E. Ryan, and Barry A. Springer, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Is a lessee's interest in a condemnation award extinguished upon termination of the leasehold prior to the award notwithstanding the lessee's allegation of constructive eviction by the landlord? That is the question raised by virtue of a condemnation proceeding brought by the city of Chicago to acquire property owned by respondents, Vivian and George Geinakakis, and leased to petitioners, Rochelle and Jack Greenberg, doing business as Greene's Luggage. Petitioners appeal from the trial court's order to strike their petition for an apportionment of the condemnation award.

The instant parties submitted affidavits and argument for the trial court's consideration. The record discloses respondents owned a single level building containing several shops, one of which was operated by petitioners. On April 1, 1976, the parties commenced a 3-year lease agreement. Rent was due on the first day of each month. On December 29, 1977, the city of Chicago filed a petition to condemn respondents' property. Petitioners received notice of that petition. Two days later petitioners failed to pay the January rent although they remained in possession of the premises. They also made no rental payments for the months of February, March, and April. Sometime during the beginning of April petitioners abandoned the premises. On April 10, respondents notified petitioners by letter that the lease was terminated.

Four days later, petitioners filed the instant verified petition which alleged their leasehold interest in the subject improved property and requested apportionment of the then anticipated condemnation award. That petition also alleged that petitioners' business could not effectively continue its operations because they did not know when the city of Chicago would obtain a right of entry. Furthermore, they claimed that as a result of the condemnation proceedings respondents failed to maintain the premises in a reasonably tolerable condition.

On May 10, 1978, the circuit court of Cook County entered a final judgment which set compensation for the condemnation at $118,500. Twelve days later the city deposited the award with the Cook County treasurer.

Several months later, respondents filed a motion to strike petitioners' request for apportionment. After reconsidering its original denial of that motion, the trial court held petitioners' leasehold interest was terminated, as a matter of law, by their failure to pay rent. That failure, the trial court concluded, was severable from any duty of the lessor to repair, and it operated to extinguish petitioners' interest in the condemnation award. An order was entered to strike the petition for apportionment.

## I.

On appeal petitioners claim the trial court erred when it refused to hold an evidentiary hearing, or make findings, upon their allegation that respondents failed to adequately maintain the premises for business purposes.[1] Petitioners contend that such a failure excused their nonpayment of rent under the theory of constructive eviction. They argue that by operation of that excuse, they maintained their leasehold interest until the effective date of the condemnation award.[2] Thus, they conclude they are entitled to share in that award according to the value of that interest. Because petitioners' argument is necessarily predicated upon whether "constructive eviction" is applicable to the instant circumstances, resolution of that issue is fundamental to disposition of this appeal.

■■ It is clear that a lessee's obligation to pay rent under the terms of a lease may be discharged upon constructive, as well as actual, eviction. "Constructive eviction" occurs where,

"* * * something of a grave and permanent character [is] done by the landlord clearly indicating the intention of the landlord to deprive the tenant of the longer beneficial enjoyment of the premises in accordance with the terms of the lease. * * * There can be no constructive eviction, however, without the vacating of the premises. * * * Whether the acts of the landlord amount to a constructive eviction is ordinarily a question of fact * * *.
* * *

Where a landlord is guilty of such a breach of his duty to his tenant under the terms of the lease that the tenant would be justified in vacating the premises, he is not obliged to vacate immediately but is entitled to a reasonable time in which to do so.

---

[1] Petitioners' answers to interrogatories allege the lessor failed to repair water damage, inadequate security against theft, and holes in the roof and walls.

[2] A condemnation award is effective upon the date of payment. (See *Bohne v. Bauer* (1959), 21 Ill. App. 2d 133, 135, 157 N.E.2d 545.) May 22, 1978, is the effective date here.

What is such a reasonable time is usually a question of fact, though * * * it may become a question of law." (*Automobile Supply Co. v. Scene-in-Action Corp.* (1930), 340 Ill. 196, 201-03, 172 N.E. 35.) (See also *American National Bank & Trust Co. v. Sound City, U.S.A., Inc.* (1979), 67 Ill. App. 3d 599, 601-02, 385 N.E.2d 144; *John Munic Meat Co. v. H. Gartenberg & Co.* (1977), 51 Ill. App. 3d 413, 416, 366 N.E.2d 617.) Although a reasonable time in which to vacate is afforded the commercial tenant, we know of no authority for the proposition that the duty to pay rent is suspended while the tenant continues to occupy the premises. See *Zion Industries, Inc. v. Loy* (1977), 46 Ill. App. 3d 902, 908, 361 N.E.2d 605; *cf. Lipkin v. Burnstine* (1958), 18 Ill. App. 2d 509, 518, 152 N.E.2d 745 (lessee's election to retain possession under conditions sufficient to justify constructive eviction entitles lessor to receive rent during that possession).

■■ Petitioners stopped paying rent on January 1, 1978. They did not abandon possession of the premises until at least three months later. Their retention of possession entailed the coordinate duty to pay rent notwithstanding their allegations, accepted here as true, which justify an election to abandon. Thus, for at least three months petitioners were in default of their lease.

■■ Petitioners' eventual abandonment of their store did not cure their failure to pay rent. A commercial landlord has no common law duty to repair the premises (*Zion Industries, Inc. v. Loy* (1977), 46 Ill. App. 3d 902, 915), absent negligence or some other event not applicable here. Therefore such a duty must arise by agreement. (*Ing v. Levy* (1975), 26 Ill. App. 3d 889, 892, 326 N.E.2d 51.) Even if a lessor agrees to repair, however, that covenant is independent of the lessee's duty to pay rent. *McArdle v. Courson* (1980), 82 Ill. App. 3d 123, 125-26, 402 N.E.2d 292; *Lipkin v. Burnstine* (1958), 18 Ill. App. 2d 509, 519; *cf. General Parking Corp. v. Kimmel* (1979), 79 Ill. App. 3d 883, 887, 398 N.E.2d 1104 (commercial occupant cannot raise defense of failure to repair in forcible entry and detainer action for nonpayment of rent).

■ The instant lease provides that petitioners shall have the duty to maintain and repair the premises. It also provides that nonpayment of rent terminates the lease agreement. Although a reasonable time exists within which to exercise the election of abandonment, nonpayment of rent while in possession of the premises permits the lessor under the terms of this lease to consider the leasehold terminated. Respondents notified petitioners of that termination on April 10, 1978. Accordingly, the lease was terminated. Petitioners' interest in the leasehold, therefore, did not exist on the effective date of payment of the condemnation award. (See *City of Lake Forest v. First National Bank* (1977), 52 Ill. App. 3d 893, 895, 368 N.E.2d 156; see generally *Bohne v. Bauer* (1959), 21 Ill. App. 2d 133, 135, 157 N.E.2d 545.) Petitioners' claim for compensation through

apportionment of that award cannot be sustained as a matter of law. Thus, the order to strike the petition for apportionment was properly entered.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and HARTMAN, JJ., concur.