THE VILLAGE OF ROSEMONT, Petitioner-Appellee, *v.* CHICAGO TITLE AND TRUST COMPANY, Trustee, Defendant-Appellee.—(Rick Kwasinski, Defendant-Appellant.)

First District (3rd Division)   Nos. 80—2446, 81—0088 cons.

Opinion filed December 22, 1982.

Paul E. Peldyak and Michael Schiessle, both of Park Ridge, for appellant.

Burke and Ryan, of Chicago (Thomas T. Burke, William E. Ryan, and Barry A. Springer, of counsel), for appellee Village of Rosemont.

Bernard Bruno, of Bruno and Orvino, of Melrose Park (Sidney Z. Karasik, of counsel), for appellee Chicago Title and Trust Company.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

This is a consolidated appeal from two orders of the circuit court of Cook County. The first order, entered on a motion for declaratory judgment and forcible detainer, found that Rick Kwasinski, a contract purchaser, had forfeited his interest in certain real estate, and entered judgment for possession in favor of Chicago Title and Trust (hereinafter Chicago Title) as trustee. The second order, entered in a condemnation action, established $100,000 as the amount to be paid by the village of Rosemont as just compensation for this real estate.

The record on appeal shows that on June 12, 1979, the village of Rosemont filed a condemnation action naming Rick Kwasinski and Chicago Title, among others, as defendants. Subsequently, on December 26, 1979, Chicago Title filed in that action its motion for a declaratory judgment and forcible detainer. The motion, which was verified, alleged: that title to the subject real estate was held in a land trust by Chicago Title, as trustee; that Theodore J. Joncha was the sole beneficiary of that trust; that on July 24, 1974, Kwasinski and Joncha entered into articles of agreement for trustee's deed in which Kwasinski agreed to make described monthly payments, the last on September 1, 1979; that Kwasinski was in default in making these payments and in paying real estate taxes on the property; that Joncha served Kwa-

sinski, on or about September 27, 1979, with a "Notice of Intention to Declare Forfeiture of All Rights Under Articles of Agreement for Trustee's Deed and Notice of Intention to File Forcible Detainer Suit"; that Kwasinski failed to comply with the requests recited in the notice; that on or about November 16, 1979, Kwasinski was served with a "Declaration of Forfeiture and Extinguishment of All Rights of Purchaser under a Certain Real Estate Contract and Articles of Agreement for Trustee's Deed"; and that by reason of Kwasinski's defaults, there was a forfeiture and extinguishment of the agreement. The first count prayed that the contract and agreement be declared cancelled, that all rights of Kwasinski be declared forfeited and extinguished, and that Chicago Title be declared to have all and any title, right and interest in the real estate. In the second count, Chicago Title prayed for a judgment for possession. By court order, this motion was severed from the condemnation proceedings.

On March 19, 1980, Kwasinski filed his verified answer to the motion for a declaratory judgment and forcible detainer in which he alleged the existence of an agreement to modify the articles of agreement. Chicago Title filed a verified reply to Kwasinski's answer in which Joncha denied the existence of any such agreement with Kwasinski, and which stated that any extension agreement, if any, was not reduced to writing as required by the articles of agreement.

Thereafter, Chicago Title moved for judgment on the pleadings. The pleadings showed Kwasinski in default, but the parties differed as to the amount due on the contract. On June 9, 1980, the circuit court entered the first order from which Kwasinski appeals. The order contained findings that Kwasinski was in default, that the articles of agreement had expired, and that the real estate was owned in fee simple by Chicago Title free and clear of any and all claims of Kwasinski. The order also entered judgment for possession of the real estate in favor of Chicago Title and against Kwasinski, and provided for a stay of enforcement of the judgment for 60 days.

On December 8, 1980, the village of Rosemont obtained, over Kwasinski's objections, a judgment establishing $100,000 as just compensation to all parties having an interest in the real estate. Kwasinski also appeals from the order entering this judgment.

Kwasinski first contends that the circuit court erred by entering the order of June 9, 1980, without holding an evidentiary hearing to determine the amount due under the contract. He relies on section 13 of the Forcible Entry and Detainer Act (Ill. Rev. Stat. 1979, ch. 57, par. 13), repealed and superseded by section 9—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 9—110), which pro-

vided in relevant part:

"If it appears on the trial that the plaintiff is entitled to the possession of the whole of the premises claimed, he shall have judgment for the possession thereof and for his costs. However, if the action is based upon a breach of a contract entered into on or after July 1, 1962 for the purchase of such premises, the court, by order, may stay the enforcement of the judgment for a period not to exceed 60 days from the date of the judgment, or if the court finds that the amount unpaid on said contract is less than 75% of the original purchase price, then the court shall stay the enforcement of the judgment for a period of 180 days from the date of the judgment. The court may order a stay of less than 180 days (but in no event less than 60 days) if it be shown that the plaintiff, prior to the institution of the proceeding under this Act, granted the defendant previous extensions of time to pay the amounts due under the contract, or for other good cause shown. If during such period of stay defendant pays the entire amount then due and payable under the terms of the contract other than such portion of the principal balance due under the contract as would not be due had no default occurred plus costs and, if the contract provides therefor, reasonable attorney's fees as fixed by the court, and cures all other defaults then existing, the contract shall remain in force the same as if no default had occurred. *** Whenever defendant cures the default under the contract pursuant to this Section defendant may within said period of stay file a motion to vacate the judgment in the court in which the judgment was entered, and, if the court, upon the hearing of such motion, is satisfied that such default has been cured, such judgment shall be vacated. Unless defendant files such motion to vacate in such court or the judgment is otherwise stayed, enforcement of the judgment may proceed immediately upon expiration of such period of stay and all rights of the defendant in and to the premises and in and to the real estate described in the contract shall cease and determine."

■ The Forcible Entry and Detainer Act provided that an action for possession of land may be maintained against a contract purchaser who has failed to comply with his agreement and withholds possession of the land after receiving a written demand from the person entitled to possession. (Ill. Rev. Stat. 1979, ch. 57, par. 2, repealed and superseded by Ill. Rev. Stat. 1981, ch. 110, par. 9–102.) It is not contested that Kwasinski failed to make some of the monthly payments required

by his agreement. The amount owed was contested. Kwasinski maintains that the trial court erred when it awarded possession to Chicago Title without first having an evidentiary hearing to determine the amount of the delinquency. Support for this argument is sought in that part of the statute which provided that "if the court finds the amount unpaid on said contract is less than 75% of the original purchase price, then the court shall stay the enforcement of the judgment for a period of 180 days from the date of the judgment." It is clear from the record that the trial court made no such finding. It is also clear that Kwasinski did not request one. There was an objection to the entry of the judgment for possession on the ground that the amount of Kwasinski's overdue monthly payments had not been fixed. This is not the equivalent of requesting the court to find that the amount unpaid on the contract was less than 75% of the total contract price and on that basis requesting a stay of the enforcement of the judgment. In the trial court, and repeated in this court, Kwasinski's argument is that it was error to enter judgment before making a finding as to the unpaid balance. This argument overlooks the words and the purpose of the provision. The statutory finding is not a condition precedent to the entry of the judgment but rather is a basis for staying the enforcement of the judgment. Therefore, this provision does not aid Kwasinski.

Kwasinski also relies upon the provisions of the statute which permit a defendant during the period of the stay to pay the "entire amount then due and payable." His position is that a defendant is entitled to a prejudgment hearing on the amount due so that he will know how much he is required to pay within the period of the stay to cure his default. However, the words of the statute contain no such requirement. Moreover, section 13 specifically provided for a post-judgment hearing in which the court can determine whether the default has been cured. Such a post-judgment hearing would be unnecessary if the court had already determined the amount due in a prejudgment hearing.

We recognize that "[t]he legislative purpose in permitting a contract purchaser to cure a default before permitting the seller to take possession of the real estate is *** to afford the contract purchaser an opportunity to avoid a loss of money previously paid and to avoid a forfeiture of all rights under the contract." (*Mallin v. Najarian* (1979), 76 Ill. App. 3d 441, 443-44, 395 N.E.2d 172.) However, such a policy does not mandate a prejudgment hearing to determine the amount due under the contract, and we will not read such a requirement in to section 13. Having reached this conclusion, we need not

address the argument of appellees, Chicago Title and the village of Rosemont, that the Forcible Entry and Detainer Act is not applicable to this case.

■ Kwasinski's second contention is that the trial court erred in granting Chicago Title's motion for judgment on the pleadings because unresolved issues of fact remained. See *Pied Piper Yacht Charters Corp. v. Corbel* (1974), 17 Ill. App. 3d 281, 283, 308 N.E.2d 35; Ill. Rev. Stat. 1979, ch. 110, par. 45(5), repealed and superseded by Ill. Rev. Stat. 1981, ch.110, par. 2—615(5).

Kwasinski argues that he was entitled to a determination of the following questions of fact: (1) whether the amount unpaid on Kwasinski's contract was less than 75% of the original contract price; (2) whether Chicago Title granted prior extensions to Kwasinski; (3) the amount due under the contract to cure the default; and (4) the circumstances of defendant's default as they may be relevant to the length of any stay authorized by statute. Chicago Title responds that these purported issues of fact pertain only to the question of whether the trial court may stay enforcement of a judgment for possession and did not affect the power of the court to enter the judgment itself. Moreover, it does not appear from the record on appeal that there were any questions of fact before the trial court as to the first, second, and fourth alleged questions of fact. As to the third alleged fact question, the amount due under contract to cure the default, we have already determined that the statute does not require a prejudgment hearing on this issue.

Kwasinski also argues that an issue of fact was presented by his answer and by Chicago Title's reply to that answer. In his answer Kwasinski alleged that he and Joncha agreed that Joncha would accept the balance due him on the contract, with interest, out of the condemnation monies to be paid by the village of Rosemont. Chicago Title's reply states that Joncha denied the existence of an agreement. According to Kwasinski's reply brief, "the factual question [presented by these pleadings] is not whether the representations of Theodore Joncha constituted a contract, but it is sufficient that such conduct induced Rick Kwasinski to stop payments on the contract in reliance on the statements of Theodore Joncha. Consequently, Rick Kwasinski relied on the statements to his detriment, and, under the law, it is a factual determination as to whether or not an estoppel can be raised."

Illinois courts hold that equitable estoppel precludes a party from asserting a right which might otherwise have existed as against another person when the other person relies in good faith on the party's conduct and is led thereby to change his position to his detriment.

(*Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 962, 372 N.E.2d 829.) And the facts constituting an affirmative defense such as estoppel must be plainly set forth in a party's answer or reply. (Ill. Rev. Stat. 1979, ch. 110, par. 43, repealed and superseded by Ill. Rev. Stat. 1981, ch. 110, par. 2—613; *Hartford Accident & Indemnity Co. v. D. F. Bast, Inc.* (1977), 56 Ill. App. 3d 960, 962.) Here, the answer merely pleaded the existence of an agreement and stated: "For that reason no payments were made by respondent [Kwasinski] since on or about the date of that Agreement." Even assuming that this was sufficient to plead reliance, we observe that there is no allegation that Kwasinski changed his position to his detriment. He did not plead that but for Joncha's representation he would or could have made the monthly payments. In short, facts constituting an estoppel were not plainly set forth in Kwasinski's answer. Accordingly, the trial court did not err in granting judgment on the pleadings in favor of Chicago Title.

■■ ■ Kwasinski's third contention is that pursuant to section 14.1 of the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, par. 14.1), repealed and superseded by section 7—127 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 7—127), he was entitled to participate in any condemnation award as a matter of law. Section 14.1 provided:

> "The amount of just compensation shall be distributed among all persons having an interest in the property according to the fair value of their legal or equitable interests. If there is a contract for deed to the property, the contract shall be abrogated and the amount of just compensation distributed by allowing to the purchaser on the contract for deed *** [distribution described] and by allowing to the seller on the contract for deed *** [distribution described]. However, the contract purchaser may pay to the contract seller, the amount to be paid on such contract, and shall then be entitled to the amount of just compensation paid by the condemnor either through negotiation or awarded in judicial proceedings."

It is Kwasinski's position that this section operated to abrogate the contract between him and Chicago Title as of the time the condemnation petition was filed. Thus, according to him, once the petition to condemn was filed, his right to share in the condemnation award vested.

However, cases hold that when a party's interest in land terminates between the filing of the condemnation petition and the taking by the condemnor, that party is not entitled to any compensation. In-

deed, he loses nothing by the taking. (*City of Lake Forest v. First National Bank* (1977), 52 Ill. App. 3d 893, 895, 368 N.E.2d 156; see *Schreiber v. Chicago & Evanston R.R. Co.* (1885), 115 Ill. 340, 3 N.E. 427.) In other words, a condemnation award is effective upon the date of payment. (*City of Chicago v. American National Bank* (1980), 86 Ill. App. 3d 960, 962 n.2, 408 N.E.2d 379; see *Bohne v. Bauer* (1959), 21 Ill. App. 2d 133, 135, 157 N.E.2d 545.) And the person who is the owner of the property when possession is taken or the payment of damages is made is the person who is entitled to receive the condemnation award, even if the property has been sold to another subsequent to the filing of the condemnation petition. (*In re Application of County Collector* (1978), 63 Ill. App. 3d 506, 508, 377 N.E.2d 1230.) On the basis of these authorities, we conclude that under section 14.1 of the Eminent Domain Act, a contract for deed to property is not abrogated on the date the petition to condemn is filed, but rather on the date the condemnation award is paid.

Since Kwasinski's interest in the property expired prior to the effective date of payment of the condemnation award, his claim for compensation through apportionment of that award cannot be sustained. See *City of Chicago v. American National Bank* (1980), 86 Ill. App. 3d 960, 963-64.

Kwasinski attempts to distinguish *American National Bank* because it involved the termination of a leasehold interest, as opposed to the termination of an ownership interest. However, such a distinction would not be significant because Kwasinski's interest in the property, like that of the petitioners in *American National Bank*, had terminated prior to the date of payment of the condemnation award.

Lastly, Kwasinski contends that the trial court erred in entering its order of December 8, 1980, which overruled his objections to a proposed condemnation award and entered a proposed judgment order. We, however, agree with the appellees' argument that the trial court correctly overruled Kwasinski's objections, because on December 8, 1980, he no longer had an interest in the property or in the award. Accordingly, he lacked standing to object.

Kwasinski argues that the language of the circuit court's order of June 9, 1980, specifically authorized his participation in the condemnation award. That order stated:

"That this order is without prejudice to any claims, if any, by the Respondent, Kwasinski, to any portion of the award in the aforementioned case."

This order also contained a finding that Kwasinski's interest in the property was terminated, and it stayed enforcement of the judg-

ment for 60 days. Kwasinski, during the period of the stay, was, therefore, in a position to cure his default. The language quoted from the order merely recognized the fact that if Kwasinski cured his default during the stay, he could preserve his right to share in any condemnation award as a contract purchaser under section 14.1 of the Eminent Domain Act. These words did not amount to a determination that Kwasinski, as of the time of the order, had any further interest in the real estate or the condemnation award.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

McNAMARA and RIZZI, JJ., concur.