**CITY OF NEW MADRID, Missouri, Plaintiff-Appellant,**

v.

**ASSOCIATED ELECTRIC COOPERATIVE, INC., Defendant-Respondent.**

No. 10850.

Missouri Court of Appeals,
Southern District,
Division Three.

June 1, 1979.

**728**

David E. Blanton, James D. Sickal, Sikeston, for plaintiff-appellant.

Eugene E. Andereck, Allen W. Baker, Jefferson City, for defendant-respondent.

GREENE, Judge.

Plaintiff is a city of the fourth class, incorporated under the laws of the state of Missouri. Defendant is a co-operative formed for the purpose of generating or transmitting electrical energy.

Plaintiff issued and sold revenue bonds for the construction of a 600,000 kilowatt coal-fired generating plant and related facilities. In 1968, plaintiff entered into a "Power Sales, Interconnection and Operating Agreement" with defendant, under which it was agreed that defendant was to supervise construction of the plant; to furnish, maintain and operate certain transmission lines; and to perform other functions necessary to the operation of the power plant. In return, defendant was to receive the usage for sale of all of the electrical power generated by the plant, with the exception of such power that was reserved by the plaintiff under an agreement with defendant.

The parties further agreed, by written contract, that plaintiff reserved, but was not obligated to take, a maximum of 25,000 kilowatts for use in its distribution system. In 1971, an amended agreement was consummated, whereby an additional amount of power, not exceeding 30,000 kilowatts, was reserved by plaintiff for sale to its customers. The agreements were subject to certain prerequisites, including formal written notice of intention to take the power, mutual agreement as to a delivery point and a sliding scale of costs.

In 1974, plaintiff began negotiations with the city of Kennett, Missouri, with the purpose being the proposed sale of 10,000 kilowatts from the 30,000 kilowatt power block that had been reserved to plaintiff by reason of the amended agreement. Plaintiff advised defendant of its intention to sell the power in question to the city of Kennett. After considerable discussion and negotiations, defendant advised plaintiff that it would not deliver the power to plaintiff for the reasons that the city of Kennett was not a "customer" of plaintiff and that there had never been a mutual agreement as to a delivery point. Kennett then obtained the power that it needed from another source.

Plaintiff then filed a three count lawsuit against defendant. After a recital of the alleged facts, plaintiff, in count one, prayed for a declaratory judgment, requesting that the court declare the rights and duties of the parties based on the facts and the law; that the court state whether the notice provision of the contract had been complied with or waived; whether the contract, as amended, restricted plaintiff's right to sell power to customers outside of its corporate boundaries; and for such other relief on count one as the court deemed just.

In count two, plaintiff requested specific performance of the contract and prayed that defendant be required to deliver the 10,000 kilowatts in controversy to plaintiff. In count three, plaintiff prayed for damages for breach of contract.

The case was tried before the trial court on October 5, 1976. On October 21, 1976, the court entered findings of fact, conclusions of law, and a judgment. The findings of fact, 41 in number, need not be set out here, as a verbatim recital would not be germane to the issues. It suffices to say that the findings of fact do not contain any directives or pronouncements regarding the rights and duties of the parties under the contracts in question. The court's conclusions of law and judgment are as follows.

"CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and the subject matter of this lawsuit.

2. There is a justiciable controversy between the parties regarding the construction of the Original Power Sales, Interconnection and Operating Agreement of 1968, and the Amended Agreement of 1971, and particularly Section 6 of the Amended Agreement.

3. Sections 91.010, 91.020 and 91.030, R.S.Mo, 1969 do not prohibit the City from selling electric power to another city, that is to the City of Kennett in this case. *State ex rel. Mitchell, et al. v. City of Sikeston, et al.*, Supreme Court of Missouri in Case No. 59963 filed on September 12, 1977 [555 S.W.2d 281] (opinion has not yet been printed), but rather is authority for the City to sell electric power to Kennett. The Supreme Court stated: '. . . In Missouri, municipalities are authorized to construct energy plants and supply energy pursuant to sec. 91.010, RSMo 1969. Furthermore, sec. 91.020, RSMo 1969, authorizes municipalities to sell to other municipalities, while sec. 91.-030, RSMo 1969, allows other municipalities to purchase power from vendor municipalities. There is also no question that a municipality may sell surplus power to nonresidents or other municipalities without violating the proscription against expending public funds for other than public purposes. *Taylor v. Dimmitt*, [336 Mo. 330] 78 S.W.2d 841 (Mo.) (1934); *Speas v. Kansas City* [329 Mo. 184] 44 S.W.2d 108 (Mo.) (1931).'

In discussing the case of *Taylor v. Dimmitt,* the Court stated that in that case the question of the erection of transmission facilities outside of the city was a controlling factor. The Court stated that the municipality was given express authority to sell power to others, including municipalities and that there was no limit on the amount to be sold.

4. The City of Kennett is not a 'customer of the City' as that term is used in Section 6.2(ii) of the Amendment.

5. In order to constitute a 'mutually agreed upon' 'Point of Delivery', as provided for in Section 6.6 of the Amended Agreement, action by both the City Council of the City of New Madrid and the Board of Directors of Associated would be necessary, together with approval thereof by the Administrator of the Rural Electrification Administration.

6. The City Council of the City of New Madrid and the Board of Directors of Associated did not take action which would result in a 'mutually agreed upon' 'Point of Delivery' as provided for in the Amended Agreement of 1971 in regard to the 30,000 kw block of power; and never has the Administrator of the Rural Electrification Administration approved any such agreement.

7. The City of New Madrid is expressly denied consequential damages or damages for loss of anticipated profits under Section 33.3 of the Agreement and the City did not prove compensable damages.

WHEREFORE, IT IS HEREBY ORDERED AND DECREED that judgment be and same is hereby entered in favor of the defendant, Associated Electric Cooperative, Inc., and against the plaintiff, City of New Madrid, Missouri; that Section 6.2(ii) of the contract and Section 6.6 of the amended power sales, interconnecting and operating agreement between the parties do not authorize the recovery by the plaintiff; that the approval of the Rural Electrification Administration as to the 'Point of Delivery' was not obtained and the plaintiff did not sustain its burden of proof for recovery and for damages.

The costs are taxed against the plaintiff, City of New Madrid, Missouri." Plaintiff then appealed, alleging four major areas of trial court error.

The right to appeal is purely statutory. A judgment, to be appealable, must be final, and must dispose of all of the issues raised by the pleadings, unless an exception to such rule is specifically authorized by statute § 512.020, RSMo 1969, V.A.M.S. No such exception to the finality rule

appears here. Regardless of whether the litigants raise the question, the appellate court has a duty to ascertain, ex mero motu, if a final appealable judgment has been rendered, and to dismiss the appeal, sua sponte, if such judgment does not dispose of all of the issues raised by the pleadings. *Jones v. Washburn*, 560 S.W.2d 604, 605–606 (Mo.App.1978); *Coonis v. Rogers*, 413 S.W.2d 310, 313 (Mo.App.1967); *Collier v. Smith*, 292 S.W.2d 627, 629–631 (Mo.App. 1956).

In conclusion of law number two, the trial court found that there was a justiciable controversy between the parties arising out of their respective interpretations of the original "Power Sales, Interconnection and Operating Agreement" of 1968, and the 1971 amendment of the agreement. This finding is a predicate for relief under the declaratory judgment act. *Travelers Indemnity Company v. Beaty*, 523 S.W.2d 534, 536 (Mo.App.1975); § 527.010 et seq. RSMo 1969, V.A.M.S. Having made such a finding, it was incumbent upon the trial court to make a declaration of the rights of the parties and to enter such declaration as a part of the judgment. *Smith v. Worsham*, 552 S.W.2d 367, 370 (Mo.App.1977).

The judgment in this case does not contain a declaration of rights of the parties. While we recognize that the scope of our review is governed by Rule 73.01(3), V.A. M.R., as construed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we conclude in this case that the law (declaring the rights of the parties in the judgment) was erroneously applied by the trial court here, by omitting such prerequisite from the judgment.

Plaintiff has recognized the problem in his brief by contending that since the trial court failed to set out the specific rights of the parties in its judgment, the parties cannot determine with any certainty what their rights are with reference to plaintiff taking and selling its reserve power supply. Plaintiff further contends that we should rectify the deficiency by declaring the rights of the parties on the theory that the appellate court has a duty, in cases of this type, to render such judgment as the trial court should have given. Plaintiff poses twelve questions it deems necessary for us to answer to accomplish that purpose, citing as its authority for such request *City of Creve Coeur v. Huddleston*, 405 S.W.2d 536, 538 (Mo.App.1966), and *Bell v. Bell*, 538 S.W.2d 733, 735 (Mo.App.1976).

Neither decision supports plaintiff's plea. The *Creve Coeur* case does state that we should review the case upon both the law and the evidence, weigh the evidence, and render such judgment as the trial court should have given, but as correctly pointed out by Titus, J., in *Bell v. Bell*, supra, such scope of review is no longer appropriate, citing *Murphy v. Carron*, supra.

■ An appellate court has no business and, in fact, no right to act as a legal advisory board to the parties in situations where the trial court has failed to dispose of all issues raised by the pleadings, as is the case here.

■ Except for our comments on count one of the petition (the declaratory judgment count), we avoid discussion or determination of whether the judgment accommodated all of the formalities required by law as to the remaining two counts of the petition. Any questions that are raised in that area, as well as the problem in the judgment concerning count one, can be resolved by the trial court when it is revested with jurisdiction, so that all issues in the case can be disposed of, leaving nothing for further trial court determination.

Since the judgment here did not dispose of all of the issues raised in all counts of the petition, there is no final appealable judgment. The appeal is therefore premature, and we have no alternative but to dismiss the appeal, *Claspill v. Craig*, 546 S.W.2d 202 (Mo.App.1977), which action has the effect of reinstating the cause in the trial court for further proceedings and determinations consistent with this opinion. *Haller v. Shaw*, 555 S.W.2d 703, 704–705 (Mo.App. 1977).

Plaintiff's appeal is dismissed.

MAUS, J., recused.

FLANIGAN, C. J., and BILLINGS, J., concur.