In re the MARRIAGE of Sue McSWAIN and Gene McSwain.

Sue McSWAIN, Respondent,

and

Gene McSWAIN, Appellant.

No. 11398.

Missouri Court of Appeals, Southern District, Division Two.

June 24, 1980.

Harry Rupert Stafford, Jr., Marshfield, for respondent.

John S. Pratt, Springfield, for appellant.

PER CURIAM:

Appellant Gene McSwain filed this appeal from a decree entered in a dissolution proceeding initiated by respondent. Because the decree failed to resolve the issue of real property, the appeal is premature and we are without jurisdiction.

Respondent, in her petition for dissolution, alleged she and appellant owned real estate and personal property in Douglas County. By answer the appellant averred

he had contributed substantial earnings to the acquisition of the family residence and personal property as shown by "Schedules A and B" and requested all the property be awarded to him. In her reply the respondent denied appellant's allegations concerning the property and alleged she had contributed to the acquisition of the family residence and personal property set out in the aforesaid schedules.[1]

The trial court's decree dissolved the marriage of the parties, determined child custody, visitation, support and divided the personal property. The decree is silent as to the real property and family residence mentioned in the parties' pleadings.

The decree leaves unresolved a pleaded issue between the parties and thus lacks finality. *Kahn v. Prahl*, 414 S.W.2d 269 (Mo.1967); *City of New Madrid v. Associated Elec. Co-op*, 582 S.W.2d 727 (Mo.App. 1979). Further, it fails to ascertain the status of the property of the parties as marital or non-marital and distribute the same as required by § 452.330, RSMo 1969, V.A.M.S. *Fields v. Fields*, 584 S.W.2d 163 (Mo.App.1979). When the status of the property of the parties is thus left undetermined and undistributed, the trial court has not exhausted its jurisdiction and its judgment is not final and appealable. *Anspach v. Anspach*, 557 S.W.2d 3 (Mo.App.1977).

Appeal dismissed as premature.

All concur.

---

1. The schedules are not included in the legal file or transcript filed in this court.