The MACON–ATLANTA STATE BANK,
a banking corporation,
Plaintiff-Respondent,

v.

Raymond GALL and Jerry Gall,
Defendants-Appellants,

and

Freddie D. Liebhart, Mary C. Liebhart,
Zelta Gall, and James Gall,
Defendants.

No. WD 32605.

Missouri Court of Appeals,
Western District.

Feb. 8, 1983.

Richard N. Brown, Brown & Casey,
Brookfield, for defendants-appellants.

Joseph M. Ellis, Ellis & Meyer, Macon,
Louis F. Cottey, Oswald & Cottey, Kirks-
ville, for plaintiff-respondent.

James P. Williams, Devoy & Williams,
Brookfield, for defendants, Freddie D. Lieb-
hart and Mary C. Liebhart.

Before SHANGLER, P.J., and PRITCH-
ARD and DIXON, JJ.

DIXON, Judge.

Because there is no final appealable judg-
ment or order in this case, the appeal must
be dismissed. Rule 81.06.

The legal file reflects that the trial court
ordered a separate trial on Count I of the
six-count petition in this case. That trial
was conducted and the judgment of the
trial court for the plaintiff on Count I was
appealed by two of the defendants in that
count. The six-count petition filed by
plaintiff Macon-Atlanta against the defend-
ants Raymond, Zelta, Jerry, and James Gall,
and the defendants Freddie and Mary Lieb-
hart asserted claims and issues arising out
of a trustee's sale of a farm on which the
bank held a note and deed of trust. The
record owners of the farm were Raymond
and Zelta Gall. Various counts of plain-
tiff's petition include counts for rental val-
ue of the farm land following the foreclo-
sure, the rental value of the farm house,
and a prayer for damages under a contract
between the plaintiff bank and the purchas-
ers Liebhart and Raymond and Jerry Gall
for the sale of a portion of the land fore-
closed. The basis of this claim was the
dispute between the parties with respect to
defects in title arising from the same trus-
tee's sale. The plaintiff's petition was met
by counterclaims and the pleading of the
various affirmative defenses, as well as
cross-suits by some of the defendants for
affirmative relief against the plaintiffs.

The jurisdiction of an appellate
court must be determined before considera-
tion of the appeal. That determination, if
necessary, may be *sua sponte. Kansas City
Power & Light Co. v. Kansas City,* 426

S.W.2d 105 (Mo.1968). Under Rule 81.06, before a separately tried claim in a court-tried suit involving more than one claim arising out of the same transactions, occurrences, or subject matter may be appealed, the court must specifically designate the decree as a final judgment. That was not done in this case. The undisposed of claims, cross-claim, and counterclaims render the judgment appealed from not final, requiring dismissal of this appeal. "An appellate court has no business and, in fact, no right to act as a legal advisory board to the parties in situations where the trial court has failed to dispose of all issues raised by the pleadings." *City of New Madrid v. Associated Electric Cooperative, Inc.*, 582 S.W.2d 727, 730 (Mo.App.1979).

The parties are directed to *New Style Homes, Inc. v. Fletcher*, 600 S.W.2d 634 (Mo.App.1980) (per curiam), for guidance in accelerating any future appeal of this cause, if one is taken from a judgment finally entered.

All concur.