REGAL PACKAGE LIQUOR, INC., Plaintiff-Appellee, *v.* J.R.D., INC., Defendant-Appellant.

Fifth District   No. 5—84—0064

Opinion filed July 17, 1984.—Rehearing denied August 7, 1984.

Robert Mays, of East St. Louis, for appellant.

Earle McCaskill, of East St. Louis, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

■■ This interlocutory appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) is taken from an order of the circuit court of St. Clair County. The following question of law was identified for our review: Can a reinstated corporation maintain a forcible entry and detainer action based on a real estate installment contract entered into by the corporation while dissolved, if the action was filed when the corporation was dissolved? We hold that it can, if the action was

brought within certain time limits.

The question presented by this appeal involves a dissolved corporation which is "reinstated." Reinstatement of a corporation refers to a procedure which follows the involuntary dissolution of a corporation for failure to file annual reports or pay fees. (Ill. Rev. Stat. 1983, ch. 32, par. 157.82a.) That procedure should be distinguished from the revocation of voluntary dissolution proceedings (see Ill. Rev. Stat. 1983, ch. 32, pars. 157.79a-157.79d) and the vacation of an order of dissolution under section 82 of the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.82), which concerns fraudulent practices or excessive authority of business corporations. By the language of its order, the trial court has limited our inquiry to the situation in which a corporation is dissolved for failure to file annual reports or pay fees and is reinstated after entering into a real estate contract and bringing a forcible entry and detainer action based on that contract.

Before answering the substantive issues in this case, we must first discuss a shortcoming in the record on appeal. Although both parties refer in their briefs to a number of documents apparently filed in the trial court, the only document certified by the clerk of the circuit court and attached to the defendant's application for leave to appeal was the trial court's order specifying the question of law to be determined. Supreme Court Rule 308(c) (82 Ill. 2d R. 308(c)) requires an application for leave to appeal to be accompanied "by a copy, certified by the clerk of the trial court, of the order appealed from and of the other parts of the trial court record necessary for the determination" of the application. Those documents not certified and attached to the application are therefore not part of the record on appeal (see *Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 369 N.E.2d 1313) and need not be considered, especially in the absence of a stipulation of the parties (87 Ill. 2d R. 329) or a motion to amend the record. This result is not changed by the inclusion of the missing documents in the appendices to the parties' briefs, because attachments to briefs not otherwise before the reviewing court cannot be used to supplement the record. (*Tomlen Group, Ltd. v. Goldfarb* (1981), 101 Ill. App. 3d 154, 157, 426 N.E.2d 1047, 1049.) Nonetheless, the single document which is properly before us is a sufficient, if brief, record upon which we may determine this appeal.

Normally, upon the dissolution of a corporation, it is no longer able to maintain an action, absent a statutory exception, and all matters pending at the time of the dissolution abate. (*People v. Mazzone* (1978), 74 Ill. 2d 44, 383 N.E.2d 947.) A dissolved corpora-

tion may institute an action within two years of dissolution (Ill. Rev. Stat. 1983, ch. 32, par. 157.94), even if its reinstatement occurs after the expiration of the applicable limitations period (*Amman Food & Liquor, Inc. v. Heritage Insurance Co.* (1978), 65 Ill. App. 3d 140, 382 N.E.2d 562). It may even institute an action more than two years after its dissolution as long as it is reinstated within the appropriate limitations period. (*Kaybill Corp., Inc. v. Cherne* (1974), 24 Ill. App. 3d 309, 320 N.E.2d 598.) In the latter instance, reinstatement retroactively restores the status of the corporation. For the purposes of commencing and maintaining suit, it "is as though the corporation were never under any legal disability." 24 Ill. App. 3d 309, 314-15, 320 N.E.2d 598, 603.

■ A more difficult question is whether that reinstatement also validates contracts entered into during the period of corporate dissolution. The wording of the Business Corporation Act of 1933 provides no obvious answer. Under section 92 of the Act (Ill. Rev. Stat. 1983, ch. 32, par. 157.92), a corporation which is dissolved for not filing reports or paying fees "shall cease to exist." Section 82a (Ill. Rev. Stat. 1983, ch. 32, par. 157.82a), governing reinstatement, does not say that reinstatement retroactively validates corporate actions undertaken during the period of dissolution. Neither does it prohibit reinstatement from having such an effect. That provision is simply silent on the question before us.

*J.B. Wolfe, Inc. v. Salkind* (1949), 3 N.J. 312, 70 A.2d 72, furnishes some guidance. The relevant statute in that case provided that the powers granted by law to a corporation would be "inoperative and void" if the corporation did not pay its State taxes. Upon payment of delinquent taxes, the corporation would be reinstated "and entitled to all its franchises and privileges." As in our Business Corporation Act, the New Jersey statute did not indicate whether reinstatement would relate back to the date of dissolution and validate corporation action taken during the interim.

The court held that a corporation which had entered into a contract while dissolved could maintain an action for breach after it was reinstated. In explaining one of the reasons for its decision, the court observed that the object of the statutes in question was to raise revenue for the State. But, the other party to the contract with the dissolved corporation is a stranger to the dealings between the corporation and the State. The court concluded that it would therefore be inequitable for that other party to avoid its obligations to the corporation by pointing to the corporation's derelictions with respect to the State, especially when its default has been cured by subsequent com-

pliance with statutory requirements.

We find the reasoning of *Salkind* and similar cases (see Annot., 13 A.L.R.2d 1220 (1950)) persuasive. The purpose of those provisions of the Business Corporation Act of 1933 relating to corporate reports and fees are for the benefit of the State and public. It would not serve that purpose to allow those provisions to be used as a defense to an action brought by a delinquent corporation to enforce a contract. As a result, we decide that reinstatement of a dissolved corporation pursuant to section 82a of the Business Corporation Act of 1933 relates back to the date of dissolution, in general, so as to validate corporate contracts entered into during the interim.

This rule is not without exceptions. For example, reinstatement will not be used to substitute worthless corporate liability for valuable personal liability. (*Estate of Plepel v. Industrial Metals, Inc.* (1983), 115 Ill. App. 3d 803, 450 N.E.2d 1244.) Otherwise, a former officer of a dissolved corporation could obtain credit and subsequently shift his personal liability to the corporation simply by filing overdue reports or paying delinquent fees.

■■■ The exception discussed in *Plepel* does not apply to a corporation which seeks to enforce a contract entered into during the corporation's dissolution. The contract which is the basis for the instant forcible entry and detainer action would thus be validated by the plaintiff corporation's reinstatement. An action in forcible entry and detainer may be maintained against a contract purchaser of land who has failed to comply with his agreement and withholds possession after receiving a written demand from the person entitled to possession. (Ill. Rev. Stat. 1981, ch. 110, par. 9—102; *Village of Rosemont v. Chicago Title & Trust Co.* (1982), 111 Ill. App. 3d 610, 613, 444 N.E.2d 598, 600.) Given the inadequacy of the record on appeal, we are unable to determine whether the pleadings and other documents show that such is the case here. But if it is, and if the other conditions discussed above have been met, the plaintiff may maintain its action.

Parenthetically, we observe that the problems of statutory interpretation posed by this case will not arise under the Business Corporation Act of 1983, effective July 1, 1984 (Ill. Rev. Stat., 1983 Supp., ch. 32, par. 1.01 *et seq.*). Under the Act, a corporation may be administratively dissolved for failure to file reports, pay fees or maintain a registered agent in Illinois. (Ill. Rev. Stat., 1983 Supp., ch. 32, par. 12.35.) The corporation may then apply for reinstatement, and upon the issuance of a certificate of reinstatement by the Secretary of State, "the corporate existence shall be deemed to have continued

694

without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and obligations as if it had not been dissolved; and all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." Ill. Rev. Stat., 1983 Supp., ch. 32, par. 12.45(d).

For the foregoing reasons, this cause is remanded to the circuit court of St. Clair County for further proceedings consistent with this opinion.

Remanded.

JONES and KASSERMAN, JJ., concur.