FARMERS STATE BANK, Respondent,

v.

PLACE–WIEDERHOLT CHEVROLET-OLDSMOBILE, INC., and Thomas Place, Appellants.

No. WD 39015.

Missouri Court of Appeals, Western District.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1988.

Application to Transfer Denied April 19, 1988.

William M. Austin, Kansas City, for appellants.

R. Michael Poland, Cameron, for respondent.

Before KENNEDY, C.J., and LOWENSTEIN and GAITAN, JJ.

KENNEDY, Chief Judge.

Place–Wiederholt Chevrolet–Oldsmobile, Inc., defendant in an action commenced against it by Farmers State Bank, suffered a summary judgment for plaintiff upon Place–Wiederholt's counterclaim against the plaintiff Bank, on the ground that Place–Wiederholt's corporate charter had been forfeited on January 1, 1979, before the filing of the counterclaim on February 12, 1980, and the forfeiture had not been rescinded at the time of the summary judgment on December 12, 1986.

On December 22, 1986, the forfeiture of the corporate charter was rescinded by the secretary of state and the charter was reinstated. On that same day the defendant corporation filed its "Motion for Rehearing". The motion sought reconsideration of the summary judgment. The motion stated that "defendant has initiated and will expedite the procedure to rescind the forfeiture of the corporate charter", and that "counsel anticipates having the charter reinstated prior to the termination of the year 1986". Later, on January 7, 1987, a certified copy of the "Certificate of Rescission of Forfeiture" was filed with the court. It bore the date of December 22, 1986.

On January 9, 1987, the Motion for Rehearing was overruled by the trial court without explanation. Place–Wiederholt has appealed.

Had the charter been reinstated before the summary judgment, there would be no doubt that the case would be governed by *A.R.D.C., Inc. v. State Farm Fire and Casualty Company,* 619 S.W.2d 843, 846 (Mo.App.1981). The court in that case, considering Section 2 of Section 351.540, added by amendment in 1975, said:

... After a rescission of that forfeiture the legislature has now declared in express terms that the restoration of corporate rights and privileges has retroactive effect and is effective from the date of forfeiture ... While the filing of the suit in the name of the corporation after the forfeiture was denounced, the legislature nevertheless provided that if the forfeiture were rescinded, the suit was the act of the corporation the same as if the forfeiture had not occurred. The effect of the amendment for all practical purposes is to treat the forfeiture as if it had never occurred....

The court in A.R.D.C. reversed a trial court judgment dismissing a suit filed by a corporation during the time its charter was forfeited, but which had been reinstated before the dismissal was entered.

The question in the case before us is whether the granting of the summary judgment cut off the corporation's right to secure rescission of the charter forfeiture and to have the advantage of the curative effect of the 1975 amendment. We hold, for reasons we will presently explain, that the trial court should have vacated its summary judgment upon Place–Wiederholt's Motion for Rehearing.

■ We observe first that Place–Wiederholt's "Motion for Rehearing" was filed within 15 days of the summary judgment. We treat this motion for a rehearing as a motion for a new trial in a court-tried case. A summary judgment proceeding has been held for other purposes to be a court-tried case. *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 165 (Mo. App.1981). A motion for a new trial in a court-tried case is expressly authorized by Supreme Court Rule 78.01(a)(3).

This Motion for Rehearing sought a reconsideration of the summary judgment on the ground that the corporation, which had been adjudged at the time of the summary judgment to have no corporate existence, actually did (by relation back) exist at the time. To request the court—or it might be better said, to give the court an opportunity—to correct its "error" in granting the summary judgment is an office of the motion for a new trial, *Swift v. Bagby*, 559 S.W.2d 635, 638 (Mo.App.1977), and was the reason for and the objective of the Motion for Rehearing. It is true that this motion was entitled "Motion for Rehearing" and not "Motion for New Trial". But a pleading is not judged by its title but by its substance and its content. *State ex rel. Goldberg v. Darnold*, 604 S.W.2d 826, 831 (Mo.App.1980). We may therefore treat the Motion for Rehearing as a motion for a new trial, and (it follows) as an authorized after-trial motion.

Since this was a timely motion for a new trial and therefore an authorized after-trial motion, it was not a mere suggestion to the court. *See State ex rel. Duncan v. Mauer*, 683 S.W.2d 287, 289 (Mo.App.1984); Rule 75.01. It was a motion which engaged the power of the court and required the court's ruling.

The summary judgment was not yet final when the charter was reinstated. The case was still pending. The reinstatement of the charter closed the gap between the revocation and the reinstatement. Looking back from the point of reinstatement, it was as if the corporate existence had never been interrupted. *A.R.D.C., supra* at 845–46. The reinstatement of the charter annihilated the ground upon which the summary judgment had been granted. The summary judgment should have been set aside on defendant's motion.

■ Plaintiff Bank, respondent here, says, however, that § 351.540.2, RSMo 1986, giving retroactive effect to the reinstatement of defendant's charter is unconstitutional as in violation of Art I, § 13, Mo. Const. This prompts us sua sponte to examine our jurisdiction. *See Macon–Atlanta State Bank v. Gall*, 647 S.W.2d 585 (Mo.App.1983). If this were a case "involving the validity ... of a statute", we would be required to transfer it to the Supreme Court as within its exclusive appellate jurisdiction, Art. V, § 3, Mo. Const. Any such claim, however, in order to divest us of jurisdiction, must be a real and substantial claim. *State v. Charity*, 637 S.W.2d 319, 321 (Mo.App.1982). Putting aside any other reasons which may exist for holding that

the appellate jurisdiction of the Supreme Court is not invoked,[1] we hold that the Bank's contention raises no real or substantial constitutional question. This case presents no question of the retrospective operation of the law itself. The lawsuit was commenced after the effective date of the statute. The revocation of the charter, the filing of the original and amended counterclaim, and the rescission of the forfeiture all took place thereafter. The fact that the statute purports to give a retroactive effect to an administrative act of the secretary of state in rescinding a forfeiture does not make the statute itself retrospective in its operation in violation of Art. I, § 13, Mo. Const. Since the constitutional challenge presents no real or substantial question of the validity of the statute, Supreme Court jurisdiction is not invoked.

The trial court held that the amended counterclaim (filed January 22, 1986) did not relate back to the original counterclaim (filed February 11, 1980), and that the claims sought to be asserted by the amended counterclaim were barred by the five-year statute of limitations. Respondent contends that the amended counterclaim asserts different causes of action from those asserted in the original counterclaim, citing *Miller v. Werner*, 431 S.W.2d 116 (Mo.1968), and our case of *Welch v. Continental Placement, Inc.*, 627 S.W.2d 319 (Mo.App.1982). The same or different "cause of action" analysis is no longer appropriate and the cases calling for such an analysis are overruled by *Koerper & Company, Inc. v. Unitel International, Inc.* 739 S.W.2d 705 (Mo. banc 1987). Said the court in that case, applying Rule 55.33(c): "Whenever ... the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading the amended pleading relates back ..." *Koerper, supra.*

The Bank's petition was based upon alleged promissory notes of the corporation which had been guaranteed by individual defendant Thomas Place. The counterclaims alleged that the Bank had negligently misinformed the defendant auto agency that it had paid certain drafts drawn on it by General Motors Corporation for new automobiles, when it had in fact dishonored such drafts, and had misinformed the auto agency of the amount of debt it, the Bank, claimed the auto agency owed to it; that the Bank had fraudulently induced the auto agency to execute notes totaling $82,000 to clear up a "bookkeeping error", with the assurance that the notes would be returned to the auto agency as soon as the bookkeeping error had been cleared up; and for a third count, that the Bank had foreclosed a security interest in certain school busses owned by the auto agency at a private sale for a "grossly inadequate" price.

The amended counterclaim contains an allegation, not contained in the original counterclaim, that the Bank fraudulently induced the auto agency in February, 1978, to execute a $112,000 note evidencing a consolidation loan. We are unable to tell whether this arose out of "the same conduct, transaction or occurrences" as those alleged in the original counterclaim, or whether it was a separate and independent transaction. Upon remand the trial court will rule whether this phase of the amended counterclaim is barred by the statute of limitations.

Except for the allegation based upon the $112,000 note, it is clear that the amended counterclaim arises out of the same conduct, transaction or occurrences as the original counterclaim. The Bank does not argue otherwise. We hold therefore that the amended counterclaim relates back to the original counterclaim and is not barred by the statute of limitations.

1. The case presents an unusual situation (from the standpoint of whether it presents a reviewable issue of a statute's constitutionality) in that it is the *respondent* who is raising the question of the constitutionality of 351.540.2, RSMo, the statute relied upon by the *appellant*. It is impossible to tell from the record whether the trial court overruled Place–Wiederholt's motion for rehearing on the ground of the invalidity of the statute or on some other ground raised by the Bank in opposition to the motion. *See and compare Dye v. School Dist. No. 32*, 355 Mo. 231, 195 S.W.2d 874, 878 (1946).

The judgment of the trial court is reversed and the cause is remanded for further proceedings.