**SPORTS UNLIMITED, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. 79946.

Supreme Court of Missouri,
En Banc.

Feb. 24, 1998.

Sondra B. Morgan, Johnny K. Richardson, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jeffrey K. Fischer, Asst. Attys. Gen., Jefferson City, for Respondent.

LIMBAUGH, Judge.

Sports Unlimited, Inc., appeals the decision of the Administrative Hearing Commission ("AHC") upholding the Director of Revenue's (Director) assessment of use taxes on materials used in fifteen of Sports Unlimited's construction projects in Missouri. Because resolution of the appeal requires the construction of a revenue law—section 144.062, RSMo Supp.1988—this Court has exclusive jurisdiction. *Mo. Const. art. V, sec. 3*; section 621.189, RSMo 1994. The decision of the AHC is reversed.

The facts are uncontested. Sports Unlimited is an Oklahoma corporation engaged in the sale of materials for and the installation of gymnasium floors, racquetball and squash courts, lockers, and locker rooms in at least eleven states, including Missouri. Because the construction projects at issue involved tax exempt entities—schools, churches, and municipalities—Sports Unlimited did not collect, report, or remit use taxes on its purchases of materials for those projects. In 1993, the Director conducted an audit of all the company's Missouri transactions from November 1, 1988 through October 31, 1993. On the basis that Sports Unlimited did not strictly follow the correct statutory procedures in billing the exempt entities, the Director assessed $41,228.32 in use tax, interest, and additions.

On petition for review, the AHC reduced Sports Unlimited's liability to $22,959.05, because it found that two of the projects were not subject to use tax. The AHC also determined that Sports Unlimited was not liable for the local use tax held unconstitutional by this Court in *Associated Industries of Missouri v. Director of Revenue*, 918 S.W.2d 780 (Mo. banc 1996). Sports Unlimited appeals to this Court, arguing that no use tax liability exists at all. Our review is governed by section 621.193, RSMo 1994, which provides that the decision of the AHC must be upheld if it is "authorized by law and supported by competent and substantial evidence upon the whole record."

Section 144.610, RSMo 1994, imposes a tax for "the privilege of storing, using or consuming within this state any article of tangible personal property ... in an amount equivalent to the percentage imposed on the sales price in the sales tax law." Sports Unlimited relies on section 144.062, which exempts from sales tax the sales of construction materials to exempt entities, as they are defined in section 144.030.2. When such exempt entities use construction materials purchased from out-of-state vendors, that use is also exempt from use tax. *See* sec. 144.615(3).

The parties focus solely on their different interpretations of section 144.062's requirement that the purchases of materials be "billed to and paid for by the exempt entity." [1] The particular issue presented is whether the materials in question were "billed to and paid for by the exempt enti[ties]," because the original materials

---

1. In 1994, the legislature removed from section 144.062 the words "billed to and paid for by the exempt entity."

suppliers neither billed nor received payment from the exempt entities directly. Instead, Sports Unlimited acted as an intermediary that, upon receipt of the supplier's bill, would, in turn, bill the exempt entity (or would sometimes bill the general contractor, which would in turn rebill the exempt entity).

The Director, citing *Overland Steel, Inc. v. Director of Revenue*, 647 S.W.2d 535 (Mo. banc 1983), and *Blevins Asphalt Construction Co. v. Director of Revenue*, 938 S.W.2d 899 (Mo. banc 1997), contends that Sports Unlimited, rather than the various exempt entities, was the actual purchaser of the materials. Under *Overland Steel*, "materials purchased by a contractor for use in meeting contractual obligations for the improvement of real property are used or consumed by the contractor; they are not resold." *Overland Steel, Inc.*, 647 S.W.2d at 538. As this Court explained in *Blevins Asphalt*, "[c]ontractors who buy materials to construct a real estate improvement use and consume those materials and are subject to sales tax on their purchases." *Blevins Asphalt Constr. Co.*, 938 S.W.2d at 901.

*Overland Steel* and *Blevins Asphalt* are distinguishable. They involve section 144.030.2(2), a wholly different exemption that applies to materials that become a component of "new personal property [that] is intended to be sold ultimately for final use or consumption." In *Blevins*, for instance, this Court held that the contractor was not entitled to the exemption because the materials in question were consumed in the process of constructing improvements to real estate and were not a component of a new item of personal property for resale. The contractor was deemed the actual purchaser of the materials even though the real estate with the improvements was purchased by a third party.

The section 144.062 exemption, on the other hand, pertains to materials sold to exempt organizations. More importantly, it sets out in the clearest terms a scheme of application that precludes the kind of analysis used in *Overland Steel* and *Blevins Asphalt*. Each purchase of materials must be "billed to and paid for by the exempt entity." That is all the statute requires. There are

no restrictions or qualifications. Operation of the statute focuses solely on the exempt entity: Was the exempt entity billed? Did the exempt entity pay the bill? The party from which the purchases are made and to which the payments are made—whether an original supplier, or a contractor or other intermediary—is irrelevant.

Reinforcing this conclusion is the fact that section 144.062 also provides that the exemption is allowed "notwithstanding that the contractor or other entity exercises dominion or control [in any manner] over the materials in conjunction with services or labor provided to the exempt entity." The effect of this provision is to negate any claim under *Overland Steel* or *Blevins Asphalt* that a contractor, like Sports Unlimited, who in any way "exercises dominion or control" over the materials would thereby become the actual purchaser of those materials.

From the record in this case, it is uncontested that the materials for each construction project were ultimately billed to the exempt entity and that the exempt entity paid the bills. Our inquiry need go no further. On these facts alone, the exemption applies; therefore, Sports Unlimited has no use tax liability.

For these reasons, the decision of the AHC is reversed.

All concur.