1-00-1526 First Division

May 28, 2001

HENDERSON-SMITH & ASSOCIATES,     ) Appeal from the 

INC, a corporation,    ) Circuit Court of

    ) Cook County 

Plaintiff-Appellee    )

    )

    )

    ) No. 99 M 1113255

NAHAMANI FAMILY SERVICE CENTER,   ) 

INC., a not-for-profit    )

corporation,    ) The Honorable

    ) Clarence S. Lipnick,

Defendant-Appellant.    ) Judge Presiding.

JUSTICE COHEN delivered the opinion of the court:

The parties entered into a contract for the plaintiff corporation to provide accounting services for the defendant corporation.  Subsequently, the Illinois Secretary of State administratively dissolved the plaintiff for failure to pay state franchise taxes.  The plaintiff alleges that after it was dissolved it provided services for the defendant pursuant to the contract, however, the defendant never rendered payment for those services.

The plaintiff filed suit in municipal court, but failed to attach a copy of the contract to its complaint as required by the Code of Civil Procedure. 735 ILCS 5/2-606 (West 1998).  On the day of trial, the trial court, over the defendant's objection, allowed the plaintiff to amend its complaint by attaching the contract.  The defendant moved to dismiss based on the plaintiff's administrative dissolution.  The trial court denied the motion and, after a bench trial, entered judgment for the plaintiff.

The plaintiff attempted to execute the judgment by issuing a citation to discover assets.  A second judge, on the motion of defendant, quashed the citation to discover assets and, on the court's own motion, sanctioned the plaintiff for issuing it.  The plaintiff then paid its franchise taxes and was reinstated.  

The defendant filed a motion for a new trial before the original judge.  In this motion, the defendant argued that it was improper to grant judgment for an administratively dissolved corporation and further argued that the plaintiff should not have been permitted to amend its complaint on the day of trial.  The plaintiff filed a reply accompanied by a copy of its reinstatement notice.  The judge denied the motion for a new trial. The defendant then appealed to this court.

We affirm.

BACKGROUND

The plaintiff, Henderson-Smith & Associates, Inc. (Henderson -Smith) is an Illinois corporation that provides bookkeeping and accounting services.  The defendant, Nahamani Family Service Center, Inc. (Nahamani) is an Illinois nonprofit corporation that operates a group home for children who are wards of the State.

On January 3, 1997, the parties entered into a contract.  According to the contract, Henderson-Smith was to perform accounting services for Nahamani for a fee of $1,500 per month.  The parties agreed that at the end of each fiscal year, Henderson-Smith would "close the books" and assist with Nahamani's year-end audit for an additional fee of $5,000.  The contract was terminable by either party on thirty days' notice.

Subsequently, Henderson-Smith failed to pay its franchise taxes.  As a result, the Secretary of State administratively dissolved Henderson-Smith effective June 1, 1998, as directed by section 12.40 of the Business Corporation Act (the Act). 805 ILCS 5/12.40 (West 1998).  Henderson-Smith continued to keep Nahamani's books.

In October 1998, Henderson-Smith performed Nahamani's audit for the fiscal year ending June 30, 1998.  Henderson-Smith alleges that it never received its $5,000 fee for the year-end audit.  On March 16, 1999, Henderson-Smith filed suit in the Circuit Court seeking $5,000 in damages.  It attached a copy of Nahamani's invoice to the complaint instead of attaching a copy of the contract as required by the Code of Civil Procedure. 735 ILCS 5/2-606 (West 1998).

The matter was set for a bench trial on November 9, 1999.  Prior to trial, Nahamani moved to dismiss based on the administrative dissolution of Henderson-Smith.  Nahamani attached a copy of the certificate of dissolution to its motion.  The trial judge denied the motion.  Nahamani also moved for dismissal predicated on the failure of Henderson-Smith to attach a copy of the contract to its complaint.  Nahamani argued that without the copy of the contract, the complaint only stated a claim for 
quantum
 
meruit
.  Nahamani further argued, as a 
quantum
 
meruit
 claim will not lie where there is a written contract governing the matter in question (
Industrial Lift Truck Service Corp. v. Mitsubishi International Corp.
, 104 Ill. App. 3d 360-61, 432 N.E.2d 999, 1002 (1982)), the complaint was legally insufficient.  In response, Henderson-Smith moved to amend its complaint to attach a copy of the contract.  The court granted the motion over Nahamani's objection.  Nahamani then moved for a continuance, arguing that it needed time to adjust its defense based on (according to Nahamani) the new theory of the complaint.  The judge denied the motion and the trial went forward.  The court found for Henderson-Smith and entered an order for $5,000 plus costs.  Nahamani filed a motion for a new trial.

Henderson-Smith then attempted to collect the judgment.  On November 24, 1999, counsel for Henderson-Smith appeared before the supplementary proceeding judge and caused a citation to discover assets to be issued upon Nahamani's bank, resulting in Nahamani's bank account being frozen.  Nahamani filed an emergency motion to quash.  On December 14, 1999, the supplementary proceeding judge granted the motion to quash.  On his own motion, the judge also ordered that a hearing be held to determine whether Henderson-Smith should be assessed Rule 137 sanctions for availing itself of the court's supplementary proceedings when it did not have legal authority to do so having previously been administratively dissolved.

Henderson-Smith then paid its franchise taxes, with its corporate status being reinstated on January 6, 2000.  Henderson-Smith attached a copy of the certificate of reinstatement to its response to Nahamani's motion for a new trial.

On February 14, 2000, the hearing on the motion for sanctions proceeded before the supplementary proceeding judge.  Counsel for Henderson-Smith did not appear and a default order was entered.

On March 29, 2000, the trial judge entered a memorandum order denying Nahamani's motion for a new trial.  

Nahamani now appeals, arguing that the trial judge erred in: (1) allowing Henderson-Smith to proceed to trial and obtain a judgment despite its administrative dissolution; and (2) allowing Henderson-Smith to amend its complaint on the day of trial and then not granting Nahamani a continuance to revise its defense.

ANALYSIS

I

The secretary of state may "administratively dissolve" a corporation that neglects its obligations by failing to pay its franchise tax, not filing an annual report or not maintaining a registered agent in the state. 805 ILCS 5/12.35 (West 1998). If the administratively dissolved corporation corrects the deficiency within five years, however, the secretary of state may reinstate it to its former status. 805 ILCS 5/12.45 (West 1998).

The primary question to be addressed in this appeal is whether reinstatement of an administratively dissolved corporation will serve to retroactively validate a judgment that: (1) arose out of a cause of action that accrued during the period of dissolution; and (2) was entered during the period of dissolution.  This precise question is one of first impression in Illinois.

Henderson-Smith initially argues that Nahamani's motion to dismiss should be properly understood as an objection to standing, which this court should consider waived since not pled as an affirmative defense. 
Greer v. Illinois Housing Development Authority
, 122 Ill. 2d 462, 509, 524 N.E.2d 561, 582 (1988). We feel that waiver is inappropriate in this situation.  The administrative dissolution provisions are for the protection of the State and the public (
Regal Package Liquor, Inc. v. J.R.D., Inc.
, 125 Ill. App. 3d 689, 693, 466 N.E.2d 409, 411-12 (1984)), not private civil defendants.  Accordingly, a private civil defendant should not be able to waive such an objection.  If held otherwise, the interests of an innocent third party would be compromised by the defendant's oversight.  Inability to sue due to administrative dissolution is a matter of public policy, which "may be raised by the court on its own motion or at any time during the course of the proceedings." 
Elsberry Equipment Co. v. Short
, 63 Ill. App. 2d 336, 352, 211 N.E.2d 463, 471 (1965).

A

Under common law, a dissolved corporation could not sue or be sued.  All of its pending legal proceedings would abate.  
Blankenship v. Demmler Manufacturing Co.
, 89 Ill. App. 3d 569, 572, 411 N.E.2d 1153, 1155 (1980). The Business Corporation Act of 1983 (805 ILCS 5/1.01 
et
 
seq.
 (West 1998)), sets out exceptions to this principle.  The first exception holds, "[d]issolution of a corporation does not *** [a]bate or suspend a criminal, civil or any other proceeding pending by or against the corporation on the effective date of dissolution." 805 ILCS 5/12.30(c) (West 1998).

The second exception is a "corporate survival" provision, which extends the exception concerning actions that are pending at the time of dissolution to any causes of action that have accrued at that time.

"Survival of remedy after dissolution.  The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by a judgment of dissolution by a circuit court of this State, or (3) by expiration of its period of duration, shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution." 805 ILCS 5/12.80 (West 1998).

While both of these exceptions are relevant to this discussion, neither directly applies to Henderson-Smith's suit against Nahamani.  On the date that Henderson-Smith was dissolved the cause of action had not yet accrued and therefore there could not be a cause of action pending. 

In addition to these rules pertaining to corporate dissolution generally, the Act contains rules pertaining only to administrative dissolution.  According to the Act, "[n]o corporation required to pay a franchise tax, license fee, penalty or interest under this Act shall maintain any civil action until all such franchise taxes, license fees, penalties and interest have been paid in full." 805 ILCS 5/15.85 (West 1998). However, when an administratively dissolved corporation is reinstated, a "relation back" provision retroactively validates corporate status.

"Upon the issuance of the certificate of reinstatement, the corporate existence shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and obligations as if it had not been dissolved; and all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." 805 ILCS 5/12.45(d) (West 1998).

This relation back provision was added as part of the 1983 reworking of the Business Corporation Act of 1933.  There are few Illinois cases interpreting this provision.  However, the provision is based on a common law relation back doctrine (
Chicago Title & Trust Co. v. Brooklyn Bagel Boys, Inc.
, 222 Ill. App. 3d 413, 420, 584 N.E.2d 142, 146 (1991)), with case law available interpreting that doctrine.

One such case is 
Amman Food & Liquor, Inc. v. Heritage Insurance Co.
, 65 Ill. App. 3d 140, 382 N.E.2d 562 (1978).  In 
Amman
, the court set out to reconcile section 15.85 of the Act, stating that a delinquent corporation cannot maintain a civil action until it pays its taxes, and section 12.80, the corporate survival provision, allowing a dissolved corporation to commence a suit for a cause of action that accrued prior to its dissolution until two (now five) years from the dissolution.  The court harmonized the two provisions by holding that an administratively dissolved corporation could 
commence
 an action, 
i.e.
, file suit, within two (now five) years of the dissolution, but could not 
maintain
 the suit, 
i.e.
, pursue it to a judgment, until it had been reinstated.   
Amman
, 65 Ill. App. 3d at 147, 382 N.E.2d at 567.

The significance of a corporation being able to file suit, while administratively dissolved, is that the filing effectively stops the statute of limitations from running.  The 
Amman
 court reasoned that when the corporation was reinstated, its reinstatement would relate back and retroactively validate the filing, and the date of the filing would be the operative date for the statute of limitations.  
Amman
, 65 Ill. App. 3d at 148, 382 N.E.2d at 568.

Amman
 was decided before the relation back doctrine was codified in 1983.  
Merchants Environmental Industries, Inc. v. Montgomery Ward & Co., Inc.
, 252 Ill. App. 3d 906, 625 N.E.2d 689 (1993), although decided afterward, also did not apply the new law, because the provision had not taken effect when suit was filed.  
Merchants Environmental
 held, consistent with 
Amman
:

"[The predecessor to section 15.85] should not be seen as an absolute bar to the prosecution of claims brought by corporations which are delinquent in the payment of their franchise taxes.  Nor should the section be deemed to extinguish those claims which were filed pursuant to [the corporate survival statute] by a corporation so dissolved.  Rather it serves merely as a temporary impediment to the completion of the action, a barrier which can be removed by the simple expedient of remitting to the State the franchise tax which is past-due."  
Merchants Environmental
, 252 Ill. App. 3d at 911-12, 625 N.E.2d at 693.

B

The first aspect of the question that we address is whether Henderson-Smith could validly sue for breach of contract even though the cause of action accrued after it had been dissolved.  
Amman
 and 
Merchants Environmental
 interpret the relation back doctrine, as it existed prior to its codification in 1983, to allow a delinquent corporation to file--but not obtain judgment on-- a suit that otherwise could be filed under the corporate survival statute. 
Amman
, 65 Ill. App. 3d at 147, 382 N.E.2d at 567; 
Merchants Environmental
, 252 Ill. App. 3d at 911-12, 625 N.E.2d at 693. As mentioned above, however, in the case at bar Henderson-Smith could not avail itself of the corporate survival statute because its cause of action did not accrue until 
after
 it was dissolved. 

More closely on point, in 
Regal Package Liquor, Inc. v. J.R.D., Inc.
, 125 Ill. App. 3d 689, 466 N.E.2d 409 (1984) (also interpreting the Act as it stood before the 1983 revision) the court did hold that a reinstated corporation could maintain an action even though the agreement at issue was entered into and the cause of action accrued while the corporation was administratively dissolved.  The relation back provision seems to have been codified in a form that is broader than the common law version.  See Jacquelyne Sularz, 
The Effects of Reinstatement Upon Involuntarily Dissolved Corporations
, 81 Ill. Bar J. 474 (1993).  Thus, the result in 
Regal Package
 is all the more certain now.

Nahamani calls our attention to 
Korte Trucking Co. v. Broadway Ford Truck Sales, Inc.
, 877 S.W.2d 218 (Mo. App. 1994).  In 
Korte Trucking
 a Missouri court, interpreting Illinois law, decided that an administratively dissolved Illinois corporation did not have the power to sue for claims arising after dissolution.  However, this case looked only to the corporate survival statute and did not mention the provisions relating to administrative dissolution.  It did not consider whether the relation back provision applied.  The Illinois case that 
Korte Trucking
 cited, 
Blankenship v. Demmler Mfg. Co.
, 89 Ill. App. 3d 569, 411 N.E.2d 1153 (1980), did not deal with an administratively dissolved corporation and was decided prior to 
Regal Package
 and prior to the codification of the relation back provision.  Accordingly, we do not find 
Korte Trucking
 controlling on this question.

 Exploring the law in other jurisdictions, we find Florida's relation back provision has language almost identical to the language in Illinois' ("Whenever the application for reinstatement is approved and filed by the Department of State, the corporate existence shall be deemed to have continued without interruption from the date of dissolution." Section 607.271(5), Florida Statues (1985)). Florida courts interpreting that language have held that involuntary dissolution for failure to pay fees does not bar a corporation from suing on a claim that arose after dissolution but before reinstatement. 
LeLac Property Owners' Ass'n, Inc. v. Routh
, 493 So.2d 1131, 1133 (Fla. App. 1986); 
Capital Construction Services, Inc. v. Rubinson
, 541 So.2d 748, 750 (Fla. App. 1989).  We think this is the proper course.  In coming to this conclusion we have focused our analysis on the purposes behind the statute.  

First and foremost, the portions of the Act dealing with administrative dissolution are intended to ensure payment of taxes and fees by corporations. 
Merchants Environmental
, 252 Ill. App. 3d at 913, 625 N.E.2d at 694. Thus, a delinquent corporation should not be able to obtain--or at any rate collect on--a judgment until it pays its taxes and fees.

Conversely, once a delinquent corporation does make good the deficiency, it should be allowed to carry on its business and conduct its legal affairs.  The statute is intended to be coercive rather than punitive.  
Amman
, 65 Ill. App. 3d at 148, 382 N.E.2d at 568.  This is especially clear in light of the broad language of the relation back provision.  "This fiction of uninterrupted corporate existence promotes the stability, certainty and predictability of commercial transactions." Jacquelyne Sularz, 
The Effects of Reinstatement Upon Involuntarily Dissolved Corporations
, 81 Ill. Bar J. 474 (1993). 

Finally, we note that Illinois courts have understood the intent of the legislature to be that, so far as it is consistent with the protection of the State's interest, parties should not be able to employ these provisions to evade otherwise legitimate debts.  For instance, in 
Estate of Plepel v. Industrial Metals, Inc.
, 115 Ill. App. 3d 803, 450 N.E.2d 1244 (1983), the officer of a corporation made a contract while the corporation was dissolved.  The court found that the parties had intended that the officer be individually liable on the contract.  The court held that reinstatement did not relate back and transform the debt into an uncollectible corporate obligation.  In 
Department of Revenue v. Semenek
, 194 Ill. App. 3d 616, 551 N.E.2d 314 (1990), the court found that gas station operators who continued to do business after their corporation was administratively dissolved showed an intent to do business as individuals.  Thus, despite the corporation's reinstatement, the court held the operators personally liable for retailers' occupation tax (ROTA) obligations.  The statute could not be used to "impose a legal fiction that belies the real world fact that [the operators] sold gasoline, and thus personally assumed the ROTA liability."

Regal Package
 held that a party could not evade its contractual obligations to a corporation merely because, as it happens, the corporation had been administratively dissolved at the time of contracting. 
Regal Package
, 125 Ill App. 3d at 692-93, 466 N.E.2d at 411.  The court noted that the administrative dissolution provisions were for the benefit of the State and the public.  "It would not serve that purpose to allow those provisions to be used as a defense to an action brought by a delinquent corporation to enforce a contract." 
Regal Package
, 125 Ill App. 3d at 693, 466 N.E.2d at 412.  Furthermore, "it would be inequitable for that other party to avoid its obligations to the corporation by pointing to the corporation's derelictions with respect to the State, especially when its default has been cured by subsequent compliance with statutory requirements."  
Regal Package
, 125 Ill App. 3d at 692-93, 466 N.E.2d at 411. As the Florida court of appeals stated in 
LeLac
:

"We can perceive no reason to construe the legislative intent in this scheme so narrowly as to provide a windfall to the parties who may create a cause of action during the grace period by allowing them to escape their obligations to the reinstated corporation."  
LeLac
, 493 So.2d at 1133.

It could be argued that since 
Semenek
 states that the relation back provision does not "create a legal fiction contrary to the true nature of events" (
Semenek
, 194 Ill. App. 3d at 618-19, 551 N.E.2d at 315), Henderson-Smith's corporate status should not be given retroactive effect.  This would be a misunderstanding of the holding of 
Semenek
.  The "legal fiction" that the relation back provision cannot create is not the legal fiction that a reinstated corporation had valid corporate status prior to reinstatement.  Imposing 
that
 legal fiction is the entire point of the relation back provision, which mandates that the reinstated corporation "shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution."  805 ILCS 5/12.45(d) (West 1998).  The legal fictions that 
Semenek
 deplored were those that would belie the intentions of the parties and those that would frustrate their reasonable expectations.  Here, consistent with 
Semenek
, we think that the statute should not be used to impose a legal fiction that belies the real world facts.  The relevant facts, as found by the trial court, are that Nahamani contracted for accounting services from Henderson-Smith, received those accounting services, and then did not pay for them.

C

Although we conclude that Henderson-Smith had the power to file suit for this cause of action despite the fact that it accrued after Henderson-Smith's dissolution, the court should not have entered judgement for Henderson-Smith before it paid its taxes.  
Amman
, 
Merchants Environmental
, as well as public policy, all establish that a court should not enter judgment for a delinquent corporation.  No change to the Act occurred in 1983 that would alter this, thus, we conclude that the trial court erred in granting judgment for Henderson-Smith.  However, these cases do not address whether the relation back doctrine will serve to retroactively validate a judgment that has been erroneously entered for an administratively dissolved corporation.  The cases fail to tell us whether such a judgment is void or merely voidable.  The question remains whether Henderson-Smith will have to go back to the trial court and start over.

There are cases in jurisdictions with similar relation back provisions that have features in common with the case at bar.  In 
Farmers State Bank v. Place-Wiederholt Chevrolet-Oldsmobile, Inc.
, 747 S.W.2d 170 (Mo. App. 1988), the trial court had granted summary judgment in favor of Farmers State Bank because, at the time, Place-Wiederholt was administratively dissolved.  Shortly afterwards, Place-Wiederholt was reinstated.  It filed a motion to reconsider the grant of summary judgment, which the trial court denied.  The court of appeals reversed.

"The reinstatement of the charter closed the gap between the revocation and the reinstatement.  Looking back from the point of the reinstatement, it was as if the corporate existence had never been interrupted [Citation.] The reinstatement of the charter annihilated the ground upon which the summary judgment had been granted.  The summary judgment should have been set aside on defendant's motion."  
Farmers State Bank
, 747 S.W. 2d at 172.

According to 
Farmers State Bank
, reinstatement can mandate the setting aside of a judgment although it was correct when entered.

It has also been held that reinstatement can retroactively validate a judgment that was erroneous when entered.  The only case we have found that is squarely on point with the case at bar is 
Chrysler Credit Corp. v. Superior Dodge, Inc.
, 538 F.2d 616 (4th Cir. 1976).  In 
Chrysler Credit
, the fourth circuit interpreted Maryland's relation back provision 2B Ann. Code of Md. Art. 23, §85(d) (1973).  At trial, the jury had found in favor of Superior Dodge, Inc.  The trial court entered judgment on the verdict, even though Chrysler Credit brought it to the court's attention that Superior Dodge had been administratively dissolved.  

Chrysler Credit moved for a judgment notwithstanding the verdict, arguing that since Superior Dodge was dissolved it had no capacity to sue.  While the motion was pending, Superior Dodge paid its franchise taxes and was reinstated.  The district court granted the motion for judgment 
n.o.v.
 despite Superior Dodge's reinstatement.  The Fourth Circuit reversed, holding that the reinstatement retroactively validated the judgment in favor of Superior Dodge and, thus, judgement 
n.o.v.
 should not have been granted.  As long as the reinstatement occurred prior to a decision on appeal, the judgment in favor of Superior Dodge could be validated. 
Chrysler Credit
, 538 F.2d at 618.

The approach taken in 
Chrysler Credit
 accords with the categorical and mandatory language of the Illinois relation back provision.  Following that provision, we deem Henderson-Smith's corporate existence to have continued without interruption from the date of the issuance of the certificate of dissolution.  Even though - given the operant facts - the trial judge erred in entering judgment in the first instance, in view of Henderson-Smith's reinstatement, the judge was correct in denying the motion for a new trial.  Henderson-Smith's reinstatement retroactively validated the judgment in its favor.

There is a remaining concern that merits mention.  We have held that a judgment erroneously entered in favor of the delinquent corporation may be validated by it paying its taxes within the reinstatement period.  This holding might tempt a delinquent corporation to attempt to, in the vernacular and for want of a better word, "hoodwink" a trial court and obtain a judgment without anyone noticing that it had been dissolved.  If the delinquent corporation succeeds, it receives its money without paying its taxes.  If it fails, it must pay the taxes in order to get its money, but it is in no worse a position than if it had paid its taxes prior to trying to obtain the judgment.  If a judge suspects that a party is engaging in this type of gamesmanship, sanctions, such as those that the supplementary proceeding judge imposed on Henderson-Smith, may be appropriate in the interest of deterrence.

 

II 

Nahamani next contends that the trial judge erred in allowing Henderson-Smith to amend its complaint to include the contract and then refusing to grant a continuance for Nahamani to revise its defense. 

According to the Code of Civil Procedure, amendments may be made "at any time before final judgment *** on just and reasonable terms, changing the cause of action or defense or adding new causes of action or defenses, and in any matter *** which may enable the plaintiff to sustain the claim for which it was intended to be brought ***." 735 ILCS 5/2-616(a) (West 1998). Leave to amend "should be freely exercised so a party may fully present his cause of action."  
Scardina v. Colletti
, 63 Ill. App. 2d 481, 491, 211 N.E.2d 762, 767 (1965).  If a plaintiff can state a cause of action by amending its complaint, dismissal with prejudice on the pleadings should not be granted. 
Brown Leasing, Inc. v. Stone
, 284 Ill. App. 3d 1035, 1045, 673 N.E.2d 430, 437 (1996).

Whether to allow amendment of the pleadings is a decision entrusted to the discretion of the trial court.  In exercising its discretion, the court is to consider: "(1) whether the proposed amendment would cure the defective pleading; (2)whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified."  
Loyola Academy v. S&S Roofing Maintenance, Inc.
, 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16 (1992).

Nahamani claims that the amendment did not serve to cure the defect.  We disagree.  The elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff. 
Gallagher Corp. v. Russ
, 309 Ill. App. 3d 192, 199, 721 N.E.2d 605, 611 (1999). Nahamani argues that the complaint as amended did not allege the existence of a valid and enforceable contract. However, once the court allowed Henderson-Smith to attach the contract, the contract became a part of the pleading for all purposes. 735 ILCS 5/2-606 (West 1998).  Facts stated in such an exhibit are considered as having been alleged in the complaint. 
First National Bank of Oak Lawn v. Minke
, 99 Ill. App. 3d 10, 13, 425 N.E.2d 11, 14 (1981); 
In re Frayser's Estate
, 401 Ill. 364, 368, 82 N.E.2d 633, 636 (1948).

The complaint as amended adequately informed Nahamani that Henderson-Smith was alleging that it had fulfilled its obligations under the contract by performing the year-end audit and that Nahamani had breached the contract by not paying, thereby causing injury to Henderson-Smith.  "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." 735 ILCS 5/2-612 (West 1998).  The complaint as amended meets this standard.

Nahamani professes that it was a "sudden and unexpected" surprise that Henderson-Smith was attempting to sue on the contract (that they both knew existed) rather than proceeding under a fundamentally flawed 
quantum
 
meruit
 theory (not mentioned in the complaint) 
as a basis for relief.  This court finds it  even more of a surprise that it never occurred to Nahamani that Henderson-Smith was suing for breach of contract, especially in light of Nahamani's having earlier filed a motion to dismiss predicated on the contract in question.  In any case, the trial court was in the best position to judge whether this was the case or not.  Its finding that Nahamani was not surprised certainly was not an abuse of discretion. 

With surprises abounding, we find ourselves yet again surprised that counsel for Nahamani did not foresee that it might be necessary on the date set for trial to litigate the merits of the claim, 
i.e.
, whether Henderson-Smith provided the accounting services 
per
 the contract, and whether Nahamani paid for them.  A trial court's decision on a requested continuance is a matter of discretion and will not be overturned absent an abuse of that discretion. 
Greenberger, Krauss & Tenenbaum v. Catalfo
, 293 Ill. App. 3d 88, 97, 687 N.E.2d 153, 159-60 (1997).  The trial court's decision was not an abuse of discretion.  

Henderson-Smith's proposed amendment was timely.  Henderson-Smith offered to amend the complaint as soon as the defect in the complaint was brought to its attention.  If Henderson-Smith's motion to amend could be characterized as untimely, this is due to the fact that Nahamani waited until the day of trial to point out the defect.  The trial court was justified in concluding that it was Nahamani, and not Henderson-Smith, that was attempting to gain tactical advantage by making its motion as late as possible.

Nahamani argues that Henderson-Smith should have moved to amend earlier since it knew of the existence of the contract.  While Henderson-Smith knew of the existence of the contract, the trial court apparently concluded that Henderson-Smith did not know that it had attached the invoice rather than the contract.  The court did not abuse its discretion in so concluding.

Accordingly, we will not disturb the trial court's rulings allowing amendment of the complaint and denying the continuance.

Affirmed.

McNULTY, P.J., and O'MARA FROSSARD, J., concur.